In the Matter of the Application of ALBERT ABRAMS, Petitioner, against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents, for a Review of a Determination of Said State Liquor Authority of the State of New York in a Hearing Entitled in the Matter of Proceedings to Revoke License No. RL 1984 Issued to ALBERT ABRAMS, Licensee.

First Department, April 2, 1942.

*Catherine C. Hilly* of counsel [*Arthur J. W. Hilly*, attorney], for the petitioner.

*Frederick A. Sperling* of counsel [*Francis V. McHugh, Counsel, State Liquor Authority*, attorney], for the respondents.

DORE, J.   Under article 78 of the Civil Practice Act petitioner seeks review of the State Liquor Authority's determination canceling after a hearing petitioner's restaurant liquor license and declaring forfeit a refund otherwise due.   The facts are not in dispute.   The issue is whether the evidence sustains a finding that the licensee, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law permitted gambling on the licensed premises on one occasion on March 6, 1941.

Petitioner, on renewal application March 1, 1941, received a year's license to sell liquor, wines and beer for on premises consumption at 2131 Eighth avenue, New York, N. Y., known as

Al's Tavern Restaurant, and paid the required fee, $1,200. On July 7, 1941, petitioner surrendered the license and applied for a refund pursuant to section 127 of the Alcoholic Beverage Control Law. The refund value of the license for the unexpired term was $685 unless the licensee had forfeited refund rights by violating the law. Inquiry addressed to the police commissioner disclosed that on March 6, 1941, one William Howard, 308 West One Hundred and Twenty-first street, Manhattan, black, United States laborer, was arrested on the premises charged with having in his possession two policy slips in violation of section 974 of the Penal Law and received a suspended sentence.

On the hearing to revoke the license because of that arrest, it was stipulated that Howard had been employed in the licensed premises as a bartender for two years; that two mutuel race horse policy slips were found in Howard's possession there on March 6, 1941; that he pleaded guilty to being a player of numbers; and that after his arrest he was immediately discharged. No complaint had been made until the morning of the arrest. Upon that evidence the hearing commissioner recommended cancellation of petitioner's license and forfeiture of the refund. The Authority approved the recommendation on the ground of a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, which reads as follows:

" 6. No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly."

A single violation of the Alcoholic Beverage Control Law may constitute sufficient basis to cancel a license, and the owner of licensed premises may be liable for the acts of his agent; but the slender evidence adduced at the hearing herein was wholly insufficient to sustain the charge made against the licensee and cause forfeit of the refund. That a bartender on a single occasion had two policy slips in his own possession for which he received a suspended sentence as a player, is not sufficient, standing alone, to sustain the charge that his employer, the licensee, had suffered or permitted gambling upon the licensed premises in violation of subdivision 6 of section 106. In *Tenement House Department* v. *McDevitt* (215 N. Y. 160) (an action for a penalty against a landlord for violating section 109 of the Tenement House Law, forbidding such premises to be " used " for prostitution) the Court of Appeals held that, to charge the owner with liability, there must be more than a single act of vice; that it must appear that the building had been " used " for the purpose of prostitution; and that " this imports, not an isolated act of vice, but some measure, even though brief, of continuity and permanence," CARDOZO,

J., writing for the unanimous court, cited *Regina* v. *Davies* (L. R. [1897] 2 Q. B. 199) in which the court construed a statute by which the owner of premises who used them for unlawful gambling was liable for a penalty, and held that a single unlawful game did not justify conviction. Here there was no proof whatever that the owner suffered or permitted gambling on the premises.

The determination of the State Liquor Authority canceling the license and declaring forfeit the sum of $685 due the petitioner should be annulled, with fifty dollars costs and disbursements, and the Authority directed to prepare an order for the payment of such refund to petitioner pursuant to the terms of section 127 of the Alcoholic Beverage Control Law.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Determination of the State Liquor Authority canceling the license and declaring forfeit the sum of $685 due the petitioner unanimously annulled, with fifty dollars costs and disbursements to the petitioner, and the State Liquor Authority directed to prepare an order for the payment of such refund to petitioner pursuant to the terms of section 127 of the Alcoholic Beverage Control Law.