In the Matter of Thomas Giovatto, Respondent, against John F. O'Connell et al., Constituting the State Liquor Authority, Appellants.

First Department, June 20, 1951.

*Alvin McKinley Sylvester* for appellants.

*Louis J. Lefkowitz* of counsel (*Hyman D. Siegel* with him on the brief; *Louis J. Lefkowitz,* attorney), for respondent.

*Per Curiam.* In this proceeding, the State Liquor Authority appeals from an order of the Special Term which annulled its determination disapproving an application for renewal of a restaurant liquor license and directed the issuance of such license. There is evidence in the record that on six separate occasions homosexuals were arrested charged with loitering in the premises for the purpose of soliciting men to commit unnatural acts, and were subsequently convicted of that offense. The court below apparently treated the case as if it were a revocation proceeding instead of a refusal to renew petitioner's license. Refusal of a license either originally or by way of renewal is not the same as the revocation or suspension of a license. An application for renewal is to be treated in precisely the same manner as an application for a new license (*Matter of Restaurants, etc., Longchamps* v. *O'Connell,* 271 App. Div. 684, affd. 296 N. Y. 888). The courts will not annul the action of the Authority in refusing to issue or renew a liquor license unless it clearly appears that its action has been arbitrary, capricious and unreasonable (*Matter of Fiore* v. *O'Connell,* 297 N. Y. 260). There is ample evidence in this record to sustain the determination of the Authority in refusing to grant petitioner's license. It is argued that the case of *Matter of Lynch's Builders Restaurant* v. *O'Connell* (277 App. Div. 705) requires an affirmance of the order under review. We think otherwise. That case is distinguishable. The *Lynch* case did not involve the refusal to renew a license. It was a revocation proceeding. In that case it appeared that two arrests were made. There was but one conviction in that case. In the case before us, the acts of solicitation occurred on six separate occasions and in each instance the homosexual was convicted of violating subdivision 8 of section 722 of the Penal Law.

The order appealed from should be reversed and the determination confirmed, with $20 costs and disbursements to the appellants.

Van Voorhis, J. (dissenting). The distinction, in substance, between the powers of the court in reviewing the revocation of a license and a refusal to renew seems more apparent than real. The order appealed from setting aside and annulling the determination of the State Liquor Authority disapproving the application of petitioner for a renewal of his restaurant liquor license should be affirmed for the reasons stated in *Matter of Lynch's Builders Restaurant* v. *O'Connell* (277 App. Div. 705). In the instant case the misconduct for which the arrests were made was surreptitious, and with one exception the arrests took place off the premises. There were other similar arrests in the *Lynch* case also, likewise off the premises, which the Authority did not regard as having probative force. The order appealed from should be affirmed.

Peck, P. J., Dore, Shientag and Heffernan, JJ., concur in *Per Curiam* opinion; Van Voorhis, J., dissents and votes to affirm, in opinion.

Order reversed and the determination confirmed, with $20 costs and disbursements to the appellants. Settle order on notice.