THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THOMAS O'NEIL and HELEN O'NEIL, Respondents.

Third Department, May 7, 1952.

*Charles E. Bowers, District Attorney,* for appellant.

*Allan L. Gurley* for respondents.

Coon, J. Defendants were separately indicted by a Grand Jury, the defendant Thomas O'Neil being charged in three separate counts and the defendant Helen O'Neil in nine separate counts, with selling alcoholic beverages during prohibited hours, in violation of subdivision 5 of section 106 of the Alcoholic Beverage Control Law. At the time of the alleged sales both defendants were employees of one James Belknap, who was licensed to sell alcoholic beverages at retail for on-premises consumption.

On motions made by the defendants the indictments were ordered dismissed, the court relying entirely on *People* v. *Corie* (196 Misc. 1029), which held that section 106 of the Alcoholic Beverage Control Law in its entirety applies exclusively to licensees and not to employees because of the wording of the heading of the section, which reads: " § 106. Provisions governing licensees to sell at retail for consumption on the premises." Of course the heading is not a part of the act, and "If the legislative intent, as expressed in a statute, is clear and unambiguous the title is not to be considered in its interpretation." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 123.) Several of the fifteen subdivisions of section 106 specifically mention " licensee ", " retail licensee " and " person licensed to sell ", while others do not. It is significant to note that the Legislature, presumably intentionally, used different language in the prohibitory subdivisions and omitted any reference to licensees. Subdivision 5 of said section, under which the defendants were indicted, reads as follows: " No alcoholic beverages shall be sold, offered for sale or given away

upon any premises licensed to sell alcoholic beverages at retail for on-premises consumption, during the following hours * * * ."

We do not believe the Legislature intended that a licensee is the only person who could be prosecuted for violation of the statute. To accept such an interpretation would, in effect, permit employees to openly flout the prohibitions contained in subdivision 5 of section 106 of the Alcoholic Beverage Control Law with impunity.

Any doubt as to the answer to the question involved here would seem to be found in section 130 of the Alcoholic Beverage Control Law. Subdivision 3 of this section reads as follows: " Any violation by any person of any provision of this chapter for which no punishment or penalty is otherwise provided shall be a misdemeanor." And subdivision 5 of the same section reads as follows: " Any violation by any person of the alcoholic beverage control law for which no punishment or penalty. is otherwise provided shall be a misdemeanor." Section 106 of the law, under which the defendants were indicted, contains no specific punishment or penalties for violation. The words " any person ", as used in subdivisions 3 and 5 of section 130, above quoted, certainly includes the defendants.

The orders appealed from should be reversed on the law, and the indictments reinstated.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Orders reversed, on the law, and the indictments reinstated.