In the Matter of MICHAEL F. O'DAY, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.

First Department, April 13, 1954.

*Solomon H. Friesner* of counsel (*Van Buren, Schreiber & Kaplan,* attorneys), for petitioner.

*Philip Wilens* of counsel (*Alvin McKinley Sylvester,* attorney), for respondents.

COHN, J. This proceeding under article 78 of the Civil Practice Act brings up for review a determination of the State Liquor Authority suspending a restaurant liquor license of petitioner for ten days. The suspension by the State Liquor Authority was predicated on a finding that the petitioner had suffered or permitted gambling on the licensed premises, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law.

The sole witness called to prove the charge was a policewoman who testified that she visited the licensed premises on one occasion; that she made her observations from the outside of the premises for a period of about one hour; that she saw a man named Stengel seated at the corner of the rear of the bar, who was approached by four unknown men on separate occasions, each of whom examined a piece of paper which Stengel displayed, gave him money in bill form, all transactions being carried out at about waist height; that after each of three of these transactions, Stengel left the bar and went through a doorway leading into the kitchen; that after the fourth transaction she entered the premises and placed Stengel under arrest and removed from his hand a slip of paper which bore the names of baseball teams scheduled to be played that night and the odds on the several games; that she found $327 in his possession; and that she discovered five slips similar to the slip found on Stengel in a carton in the basement of the licensed premises.

Further testimony elicited from the policewoman was to the effect that there were about twenty patrons on the premises at or near the bar, and that from her point of vantage she

could only see that portion of the bar where Stengel was seated and at no time during such period did she see the bartender or any other employee of petitioner near Stengel.

Neither petitioner nor any of his employees was arrested or charged with gambling. Stengel was subsequently acquitted of book-making (Penal Law, § 986), after a trial in the Court of Special Sessions. Such a determination was not necessarily binding on the State Liquor Authority. However, there was no proof of the nature of the conversations between Stengel and the alleged bettors. The alleged betting slips each merely contained a recital of certain major league baseball games scheduled to be played on the day of arrest, the hours of commencement of each of such games and figures representing the odds on these games. There was no indication of a bet recorded on these slips, each of which was identical in content; nor was there any testimony that such slips contained any record of wagers. The policewoman frankly admitted that the daily newspapers published the same information on their sports pages.

Even if it be assumed that Stengel was engaged in making book, though the evidence to that effect is lacking, there is a complete absence of proof of knowledge by the petitioner or any of his agents of the conduct of gambling by Stengel on the licensed premises on this or any other occasion. Nor is there any proof that with the exercise of reasonable diligence petitioner or his agents could have had such knowledge. Petitioner and several of his employees testified that Stengel was a regular patron of the restaurant and that his conduct was not such as would give rise to a suspicion that he was engaged in an illicit enterprise. All the acts of Stengel concededly occurred at the far corner of the bar at waist level.

In *Matter of Stanwood United* v. *O'Connell* (283 App. Div. 79, 82, affd. 306 N. Y. 749), this court stated: "Suffering premises to become disorderly means something more than a mere happening on one occasion. A finding that the management knowingly allowed such things to occur and to continue would have to be bottomed upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence (*Tenement House Dept.* v. *McDevitt,* 215 N. Y. 160, 164; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593, 594; *Matter of Giovatto* v. *O'Connel,* 278 App. Div. 371, 372). There is no such showing here."

If, in spite of proof of his acquittal of the charge of gambling after a trial in the Court of Special Sessions, it is still to be

inferred by the Authority that Stengel was actually engaged in accepting wagers on the licensed premises, there is no substantial evidence to sustain its determination that the licensee knowingly suffered or permitted any gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcholic Beverage Control Law. In the circumstances, petitioner's license should not have been suspended. (*Matter of Konopka* v. *Bruckman,* 290 N. Y. 777; *Matter of Mihale* v. *O'Connell,* 279 App. Div. 651, affd. 303 N. Y. 874; *Matter of Arnold Reuben, Inc.,* v. *State Liq. Auth.,* 268 App. Div. 981, affd. 294 N. Y. 730; *Matter of Toyos* v. *Bruckman,* 266 App. Div. 28, appeal dismissed 291 N. Y. 745; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593.)

The determination should be annulled, and the proceeding before the State Liquor Authority dismissed.

DORE and BOTEIN, JJ., concur; PECK, P. J., and BASTOW, J., dissent and vote to confirm.

Determination annulled, with $50 costs and disbursements to the petitioner, and the proceeding before the State Liquor Authority dismissed.