■ In the Matter of TRIPPLE INN, INC., Petitioner, against STEPHEN P. KENNEDY, as Commissioner of Police of the City of New York, Respondent.— The determination of the police commissioner insofar as it finds petitioner guilty of violation of the specification (1, subd. [a]) that he " Did suffer and

permit a known criminal * * * to frequent and remain on premises daily during a period of eight days, from October 20th to October 29th, 1956" is confirmed. We hold that the respondent has failed to adduce facts necessary to sustain the violations of specifications 1 and 2 (b), and the determination with respect thereto is annulled. From the record, it would appear that the licensee operated the premises under a cabaret license from January, 1956 to November, 1956, and that prior thereto the president of the petitioner corporation had been a licensee of the State Liquor Authority for 11½ years, and never had a license suspended or revoked. If the record is correct, in view of our holding, it may well be that the punishment imposed is excessive and an abuse of discretion. (Civ. Prac. Act, § 1296, subd. 5-a.) The proceeding is, therefore, remitted to the police commissioner for a reconsideration of the order directing a revocation of the license and, as modified, the determination is confirmed (*Matter of Rodriguez* v. *Rohan,* 3 A D 2d 648). Concur — Peck, P. J., Botein, Valente and McNally, JJ.; Frank, J., dissents and votes to annul the determination of the police commissioner on authority of *Matter of O'Day* v. *O'Connell,* 283 App. Div. 644, affd. 308 N. Y. 769. Settle order on notice.