Louis L. Friedman, J.
This is an article 78 proceeding, wherein petitioner seeks to review the determination of the State Liquor Authority. There have been previous proceedings between the parties, and a chronological recitation of those proceedings is as follows:
Twenty-four years ago, petitioner applied to the State Liquor Authority for a license to sell beer at wholesale. The application was granted and the license was issued. Except for some relatively minor complaint, which is not here important, the corporation seems to have had an unblemished record in the conduct of its business during all of the time it held the license, said license having been renewed every year. In the Spring of 1958, following certain newspaper reports which appeared in the daily press, respondents investigated the entire background of the principal stockholder in petitioner corporation, and said investigation revealed that in 1928 the said individual had been arrested, convicted and fined a small amount as a suspicious person in some other city and State. An examination *352 of the original application by the corporation for a beer license having indicated that the facts with respect to this arrest and conviction were not disclosed in the original application, proceedings were thereupon instituted against petitioner for the purpose of revoking its then existing renewed beer license. Following a hearing held before the respondents, a finding was made sustaining the charges, and the punishment imposed was revocation of the said license. An article 78 proceeding was thereupon instituted in this court prior to the effective date of the order of revocation, and in said proceeding, an order was granted which stayed enforcement of the said order of revocation until the determination of the said article 78 proceeding. Thereafter, pursuant to the provisions of section 1296 of the Civil Practice Act, the said proceeding was transferred to the Appellate Division, Second Department, and by agreement between counsel entered into in the Appellate Division, the order of revocation was further delayed until said appellate court had had an opportunity to determine the said proceeding pending before it.
The decision by the Appellate Division was handed down on July 1, 1958 (6 A D 2d 867), and it will be referred to hereinafter. In the meanwhile, however, and on June 30,1958, the day before, petitioner’s license which had been renewed in 1957, expired by its terms so that on July 1, 1958, when the Appellate Division handed down its decision, petitioner no longer had a license. In the customary and usual manner in which petitioner had engaged during the past 24 years, following the rules of the Liquor Authority, petitioner had on or about June 9, 1958 filed an application for another renewal of said license, but that application had not been acted upon up to the time when petitioner’s existing license had expired, nor up to the time when the AppeHate Division handed down its decision.
The decision of the appellate court annulled the order of revocation made by respondents, and remitted the matter for reconsideration and the imposition of a lesser penalty. The appellate court held that the order of revocation was an abuse of discretion, in view of petitioner’s good conduct record of 24 years, during which it held the license, and in view of the unblemished record of the aforesaid principal stockholder during the past 30 years. The respondents have never taken any steps on the said determination made by the AppeHate Division and the order entered thereupon, apparently taking the position that since the license which was sought to be revoked had, in any event, expired, there was no longer any *353 necessity for imposing any penalty upon petitioner. Instead, what respondents did, was to deny the application for a renewal of the license; and the end result of their said denial is that there has been an apparent defiance and disregard of the determination and order made by the Appellate Division. It would be of no avail to petitioner to have the appellate court say that it was entitled to keep its license, if at the same time, the license had already expired and the respondents refused to renew it.
In effect, what respondents have done is to say to the Appellate Division and to petitioner that although the respondents had no legal right to revoke the license, they could accomplish the same result through another means. Thus, it appears that equity and justice dictate that petitioner should have some relief from this court, since this court is bound by the ruling made by the Appellate Division.
Upon the argument of the motion before this court, respondents’ counsel urged that an application for renewal of a license is different from an attempted revocation, and that in considering an application for renewal, the respondents have the right to consider such application precisely in the same manner as they would have considered an application for a new license (see Matter of Giovatto v. O’Connell, 278 App. Div. 371, 372; Matter of Restaurants, etc., Long champs v. O’Connell, 271 App. Div. 684, affd. 296 N. Y. 888). But this argument, although legally correct, must fall by the wayside because together with it, the court must give effect to the ruling of the Appellate Division, that despite the fact that the charge of concealing the arrest of the principal stockholder was sustained by the respondents, petitioner is nevertheless entitled to have its license. If it is entitled to have its license, then it is so still entitled both through the method of annulling the order of revocation, as was done by the Appellate Division, and through a direction by this court that petitioner is entitled to a renewal.
One other argument made by respondents has been considered; and that is, that the present refusal to renew petitioner’s license is based not only upon the six charges which were originally made against petitioner when the order of revocation was sought, but upon four additional charges to the effect that petitioner’s principal stockholder is supposedly consorting with disreputable characters. The difficulty with respondents’ position on this point is that, although there has been a great deal of hullabaloo and suspicion directed at petitioner’s principal stockholder, there has been no proof that he has ever engaged in any illegal activity or that he was in *354 fact consorting with any suspicions characters; and it is axiomatic that no penalty may be imposed upon an individual or upon the corporation of which he is the principal stockholder, based upon mere surmise, conjecture or suspicion. What is needed to support a charge, the establishment of which will deprive petitioner of a legal property right, is legal proof and nothing short of such legal proof should be permitted to support respondents’ determination.
The determination by the Appellate Division indicated that some punishment might be imposed by respondents. Petitioner is now completely out of business since it may not operate in view of the refusal to issue a license, and the deprivation of petitioner’s beer license, during more than one of the two summer vacation months, seems to be adequate and sufficient punishment. Petitioner is entitled to have its license restored immediately so that it may salvage its business and re-establish business relations with its customers.
Accordingly, since it appears without question that the determination of the respondents was arbitrary and capricious, and made without authority in law, particularly in view of the decision of the Appellate Division in the Second Department, the application is in all respects granted, the denial of the application for a renewal is vacated and set aside, and respondents are directed to grant the said application and issue a renewal license forthwith.
Submit order.