■ JOHN H. HENKE, Appellant, v. ANTHONY TOCCO et al., Respondents.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated December 23, 1960, denying his motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ In the Matter of CONSERVATIVE GROUPING CORP., Petitioner, v. MARTIN C. EPSTEIN et al., Constituting the New York State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act, to review and annul the State Liquor Authority's determination and order, dated respectively November 9, 1960 and November 14, 1960, suspending petitioner's restaurant liquor license for a period of 23 days, effective immediately for 13 days and temporarily deferred for 10 days. By order of the Supreme Court, Queens County, dated December 5, 1960, made pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. The license was suspended on findings that petitioner had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that it suffered or permitted gambling at the licensed premises. Determination and order annulled, without costs. This suspension was based upon the testimony of police officers who visited the premises on one occasion, and who observed two gambling transactions during their 50-minute stay. No responsible agent or principal of petitioner was present. Such testimony is insufficient to sustain the charge that petitioner had suffered or permitted gambling at the premises (*Matter of Patterson* v. *Rohan,* 5 A D 2d 870; *Matter of Hoban & Sullivan* v. *New York State Liq. Auth.,* 304 N. Y. 712; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.