In the Matter of 2125 BARNEY'S INC., Petitioner, *v.* NEW YORK STATE LIQUOR AUTHORITY, Respondent.

First Department, April 17, 1962.

*Isadore B. Hurwitz* of counsel (*Saul S. Goldman*, attorney), for petitioner.

*Emanuel D. Black* of counsel (*Hyman Amsel*, attorney), for respondent.

*Per Curiam.* The respondent, by determination rendered January 2, 1962, has suspended the petitioner's restaurant liquor license for certain violations of law. It is conceded that

10 days of the period of suspension directed by the order of the respondent were imposed as the penalty applicable to the charge that "the licensee violated Section 106, subd. 6 of the Alcoholic Beverage Control Law in that it suffered or permitted gambling on the licensed premises on June 12, 1961." This article 78 proceeding was brought to annul the determination of the Authority insofar as it found the petitioner guilty of such charge, and the proceeding has been duly transferred to this court.

The record lacks substantial evidence to sustain the finding of the respondent that the petitioner "suffered or permitted" gambling on its restaurant premises for which it holds a restaurant liquor license. Such finding does not find sufficient support in the testimony of the police officer who had a portion of the bar on the premises under observation for a period of approximately 10 minutes from about 12:40 P.M. He testified, that during such period, he saw a person, later identified as one Hargrove Jones, seated at the bar with a glass of beer in front of him; that he observed four unknown persons separately approach and engage Jones in brief conversation; that in each instance Jones removed a slip of paper from his pocket, gave it to the person conversing with him, who, in turn, made a notation thereon and returned the same to Jones; that Jones then put the slip "in his left, inside jacket pocket"; that the four men were with Jones for separate "short intervals" during the course of a period of "seven or eight minutes"; that the exchanges of slips were made above the level of the bar but at no time did the officer observe the passing of money. The officer further testified that, during the period of observation, the bartender was standing in back of the bar facing Jones and approximately two feet away from him. But it also appears that there were several customers seated at the bar, and the bartender testified that he was busy serving such customers.

After completion of the last of the four transactions testified to by him, the officer entered the premises and placed Jones under arrest. Jones then produced from his pocket a total of 17 mutuel race horse policy slips showing some 78 plays with the amounts wagered and identifying names.

Even assuming, as found by the Hearing Commissioner that the evidence was "sufficient to impute knowledge on the part of the bartender" of the fact that Jones was engaged in gambling, nevertheless, the respondent's determination may not stand. The gravamen of the pertinent charge is the sufferance or permission of gambling on the licensed premises. (Alcoholic Beverage Control Law, § 106, subd. 6.) Thus, the charge must be

supported by a showing of circumstances raising an inference that the licensee did knowingly allow the gambling to occur or to continue on his premises, or by the showing of a demonstrated attitude towards the same tending to indicate acquiescence therein. (*Matter of Stanwood United* v. *O'Connell,* 283 App. Div. 79, 82, affd. 306 N. Y. 749; also *Matter of Hoban & Sullivan.* v. *State Liq. Auth.,* 304 N. Y. 712; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593; *Matter of Mur-Art-Sol* v. *State Liq. Auth.,* 6 A D 2d 683; *Matter of Hotel Corp. of America* v. *State Liq. Auth.,* 13 A D 2d 733; *Matter of Conservative Grouping Corp.* v. *Epstein,* 13 A D 2d 805.)

The mere proof of open incidents of gambling for a brief period in view of a bartender, though he is in apparent charge of the premises, is not sufficient to sustain the charge that the licensee suffered or permitted the gambling. (*Matter of Conservative Grouping Corp.* v. *Epstein, supra; Matter of Abrams* v. *Bruckman, supra.*) On becoming suspect of the occurrence of the gambling, the bartender is not to be expected to move with the alacrity and definiteness of a law-enforcement officer to make an arrest or to put a halt to the gambling. He does not have the authority or the responsibilities of such an officer. Primarily, his duty is to his employer and in the interest of his employer, he would be expected to move cautiously against the patron suspected of being engaged in gambling. Before proceeding directly against the patron, he would be bound to consider the possible consequences to his employer. The reprimand then and there, the ejection or the arrest of the patron at his hands could very well subject his employer to the risk of a possible civil suit or criminal prosecution, and this is to be considered. (See *Matter of Stanwood United* v. *O'Connell, supra.*)

Here, the brief period of the observable gambling transactions was immediately followed by the arrest by the police officers of the patron involved. This stopped the gambling on the premises. Under the circumstances here, the mere failure of the bartender to take direct action against the patron prior to the arrest does not sustain the finding that the licenseee was suffering or permitting the gambling. Bearing in mind that the bartender was entitled to be sure of his ground and to move cautiously, such failure does not tend to indicate acquiescence in the gambling.

In light of the foregoing, the determination of the respondent insofar as it suspends petitioner's restaurant liquor license for 10 days for suffering or permitting gambling on the licensed premises should be annulled, on the law, with $20 costs and disbursements to the petitioner.

BOTEIN, P. J., BREITEL, RABIN, McNALLY and EAGER, JJ., concur.

Determination, insofar as it suspends petitioner's restaurant liquor license for 10 days for suffering or permitting gambling on the licensed premises, unanimously annulled, on the law, with $20 costs and disbursements to the petitioner.