Harold H. Hymes, J.
Defendant is charged in two informations with two separate violations of the Alcoholic Beverage Control Law. The first violation, section 106 (subd. 5, par. [a]), charges the defendant with the sale of whiskey on licensed premises during prohibited hours. The second violation, subdivision 8 of section 106, of the Alcoholic Beverage Control Law, charges the defendant with selling whiskey at a licensed club to persons who were not members or guests of such club.
The defendant has moved against both informations. He claims that section 106 applies only to violations by licensees, and since he is not a licensee, he cannot be charged with the violation of either section of the Alcoholic Beverage Control Law.
An examination of the papers submitted reveals that all of the evidentiary statements in support of the arguments of the defendant are made ‘ ‘ upon information and belief. ’ ’ They are made not by the defendant himself, but by his attorney. Such statements are hardly adequate for the court’s consideration since this motion to dismiss is based upon the assumption of facts which are not established under oath.
*93 As to the information charging violation of section 106 (subd. 5, par. [a]) of the Alcoholic Beverage Control Law, (sale during prohibited hours), the statute states that,
“no alcoholic beverage shall be sold, offered for sale or given away upon any premises licensed to sell alcoholic beverages at retail for on-premises consumption during the following-hours :
“ (a) Sunday, from three antemeridian to one postmeridian.” The licensee is a membership organization, known as the Utica Overseas Veterans Association. The defendant claims that he has no personal interest in this organization, was not a paid employee, and that the only one that can be held criminally liable for this violation is the membership club.
This argument has been answered by the Appellate Division in the case of People v. O’Neil (280 App. Div. 145). There the court held (p. 146) that, while the heading of section 106 states that the provisions govern licensees, nevertheless “the heading is not a part of the act.” The court goes on further to state (p. 147): “We do not believe the Legislature intended that a licensee is the only person who could be prosecuted for violation of the statute. To accept such an interpretation would, in effect, permit employees to openly flout the prohibitions contained in subdivision 5 of section 106 of the Alcoholic Beverage Control Law with impunity.”
In the information charging a violation of section 106 (subd. 5, par. [a]), the defendant is not being held responsible for the acts of the licensee, but rather for his own personal acts in selling liquor during the prohibited hours on licensed premises.
Therefore, the motion to dismiss the information charging violation of section 106 (subd. 5, par. [a]) is denied.
As to the second information charging a violation of subdivision 8 of section 106, the defendant makes a similar argument as above stated. The court agrees that the circumstances here are different. That subdivision states that “A club or luncheon club licensed to sell alcoholic beverages for on-premises consumption shall be permitted to sell such beverages only to its members and to their guests accompanying them.”
Here, definitely, the violation refers to the licensee. The defendant, Burger, is not the licensee and, therefore, he cannot be held for a violation of this section.
The motion to dismiss the information charging a violation of subdivision 8 of section 106 of the Alcoholic Beverage Control Law, is granted.