In the Matter of OTTO BECKER, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent

Concur — Stevens, J. P., Eager and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would annul the determination of the Authority. I am unable to discern any material difference between the instant case and the facts set forth in the *Matter of Stanwood United* v. *O'Connell,* (283 App. Div. 79, affd. 306 N. Y. 749). The pattern is the same. A single visit in the night, of fleeting duration; only one officer testifies. And he describes the pirouette and the posturings of alleged homosexuals as occasionally they capered about to the mad music of a bizarre dance known as the "Bugaloo" and the "Shing-a-ling". And it was said that persons were touched physically. Yet there is no solicitation. The proceeding in the Criminal Court was dismissed. Contrary to the sole testimony of the officer, there were five witnesses telling a different story, not incredible. From the presentation before the Authority, I cannot find that "substantial basis" which the cases exact for the action taken. The statement

of this court in the *Stanwood* case (p. 82) is particularly pertinent: " Suffering premises to become disorderly means something more than a mere happening on one occasion. A finding that the management knowingly allowed such things to occur and to continue would have to be bottomed upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence (*Tenement House Dept.* v. *McDevitt,* 215 N. Y. 160, 164; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593, 594; *Matter of Giovatto* v. *O'Connell,* 278 App. Div. 371, 372). There is no such showing here." Nor can I overlook the past good record of the proprietor: more than a quarter of a century in business; without a serious blemish on his record; his investment; no similar complaints; his apparently good relations with the police, who were the immediate surveillants of his operations the long years through, without murmur. The record in my view, fails to disclose a substantial basis for the charge that the licensee suffered and permitted his premises to become disorderly because of the alleged conduct of patrons whom he could not reject. (See, Civil Rights Law, §§ 40, 41.)