In the Matter of Rose Garden Restaurant Corp., Petitioner, *v.* D. S. Hostetter et al., Constituting the New York State Liquor Authority, Respondents. (Two Proceedings.)

Third Department, June 24, 1969.

*Harold Sussman* for petitioner.

*Joseph J. Micare, Hyman Amsel* and *Emanuel D. Black* for respondents.

GIBSON, P. J. Petitioner brings two proceedings under CPLR article 78 to review a determination of the New York State Liquor Authority which, following a renewal interview, disapproved the renewal of petitioner's special on-premises liquor license; Proceeding No. 1 involving notice of recall dated January 12, 1967 and Proceeding No. 2 an amended notice of recall dated September 22, 1967.

In proceedings for the revocation of petitioner's license, petitioner was charged with violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law in pertinent part providing that, " No person licensed to sell alcoholic beverages shall suffer or permit [the licensed] premises to become disorderly."

It was found that there occurred on the respective dates specified, between June 26, 1965 and December 19, 1965: (1) " an altercation in which  *  *  *  the police  *  *  *  found three patrons fighting on the floor and one of them had a knife in his hand "; (2) an incident which occurred when " a female patron was slapped by a male after an argument "; (3) " an altercation involving a number of patrons [during which a] bottle was broken and pool balls thrown "; (4) " an argument between two female patrons and one was cut by a broken beer bottle wielded by the other "; (5) an incident following which " the police were called to the premises and found a patron  *  *  *  intoxicated and suffering from a gash on his head caused by being struck by a bottle wielded by another patron "; (6) an incident occurring when " a patron  *  *  *  was struck by a bottle and a cue stick "; (7) an incident in which " a male patron was struck by a beer bottle wielded by another patron "; and (8) an incident occurring when " a patron was cut about the face by a razor wielded by his brother-in-law."

The hearing officer, having found, in the language here quoted, that each of these incidents occurred, then concluded that the proof was insufficient to sustain the charge that the licensee did, in the language of the statute, " suffer or permit " the premises to become disorderly; in most if not all instances, apparently, because the incidents happened very quickly. The Authority approved the hearing officer's findings and conclusions.

In connection with petitioner's application for renewal, these same charges were specified, and enumerated as Specification No. 1, in a notice of renewal interview; and the testimony received at the revocation hearing was stipulated as part of the record of the renewal interview. There was then added Specification No. 2 that: "The operation of the premises caused complaint to the police department of Liberty and frequent investigation and action by the police." A Specification No. 3 (originally No. 2) charged that "the licensee is not a fit and proper person to operate the premises without serious violations of the Alcoholic Beverage Control Law." The hearing officer found: "Consistent with my findings in the revocation proceeding, I do not find Specification #1 sustained. However, I do find Specification #2 (added by amendment) sustained." He did not pass on Specification No. 3. The Authority held: "The Hearing Officer's findings are sustained to the extent of finding that the premises became disorderly on dates specified in the specification and as so sustained, specification #1 is adopted. Specification #2 is sustained, specification #3 is sustained in that charge the Members of the Authority determined that this licensee cannot or will not operate these premises in accordance with law."

Contrary to petitioner's contention, the Authority's action with respect to Specification No. 1 was neither barred by, nor inconsistent with, its prior determination. In each case — the revocation proceeding and the renewal application — the hearing officer and the Authority alike found that these many acts of violent disorder occurred. In the first case, the hearing officer found that the proof that the incidents occurred did not warrant a finding that the licensee suffered or permitted them; and the Authority adopted the hearing officer's conclusions. In the second case, the hearing officer again dismissed the specification itself; but the Authority modified that determination by finding that the acts were such as to evidence — not that the licensee suffered or permitted them — but the licensee's unfitness to operate the premises, this well expressed in the Authority's finding with respect to the third specification, that the licensee "cannot or will not" operate the premises in accordance with law. In the case of revocation, an element constituting or closely approaching willfulness had to be shown and in the judgment of the administrative authority was not demonstrated; upon the renewal application, the proven acts which did not denote willfulness could be, and were found to evidence petitioner's unfitness or passive ineptitude in such degree as to warrant denial of the renewal license. That petitioner could

not control the conduct of its patrons or cope with either incipient or erupted violence and disorder, even with constant police intervention, is too clear to require discussion.

The governing legal principles are no less explicit. It may be assumed for purposes of argument that the reasons assigned by the Authority for denying a renewal license would be insufficient to warrant revocation of an existing license; but, in declining to renew a license, the Authority is not limited to those causes which would justify a revocation. (*Matter of Restaurants & Patisseries Longchamps* v. *O'Connell*, 271 App. Div. 684, affd. 296 N. Y. 888; *Matter of Giovatto* v. *O'Connell*, 278 App. Div. 371.) As was also ruled in the *Longchamps* case (*supra*, p. 686): '' It has been repeatedly held that an application for a renewal is to be regarded in exactly the same manner as an application for a new license.'' With this principle there has been stated the *caveat*: '' While an application for renewal is to be viewed in the same manner as an application for a new license * * * neither should be viewed without regard to what has gone on before. Forgiveness may be a virtue in some contexts, but its absence is not equivalent to arbitrary action.'' (*Matter of Gaslight Club* v. *State Liq. Auth.*, 18 A D 2d 413, 416.) The licensee's sorry history fully justified the action taken.

The findings with respect to Specifications Nos. 2 and 3 were warranted and serve further to support the denial of a renewal license. Specification No. 2 was sustained by police testimony and police blotter entries; the latter being really astounding in number and nature, including, as they do, at least 20 police calls in a 10-month period and involving altercations, assaults and arrests, and indicating, as well, police assistance in hospitalizing wounded patrons and police warnings to the licensee and its bartender. As has been indicated, Specification No. 3, that of unfitness, follows from the prior proven specifications. '' In [renewal application] cases the ' inquiry [of the court] is limited to a determination whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion ' (*Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93, 95, 96). Since ' There is no inherent right in a citizen ' to engage in the business of selling intoxicating liquors (*Crowley* v. *Christensen*, 137 U. S. 86, 91; *Bertholf* v. *O'Reilly*, 74 N. Y. 509, 517), the test of the legality of the exercise of the discretionary power is solely whether the agency acted arbitrarily or capriciously (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 58, 59).'' (*Matter of Wager* v. *State Liq. Auth.*,

4 N Y 2d 465, 468.) Petitioner has not sustained the burden cast upon it of demonstrating arbitrary or capricious action.

The determinations should be confirmed, with one bill of costs to respondents.

STALEY, JR., COOKE and GREENBLOTT, JJ., concur; AULISI, J., not voting.

Determinations confirmed, with one bill of costs to respondents.