■ NICHOLAS J. GALLELLO, Doing Business as LIGHTHOUSE TAVERN, Petitioner, v. THOMAS F. RING et al., Individually and Constituting the STATE LIQUOR AUTHORITY, Respondents.—

Rabin, P. J., Hopkins and Martuscello, JJ., concur; Munder and Latham, JJ., dissent and vote to modify the determinations to the extent of annulling and striking findings 2 and 3 from each and to confirm the determinations as so modified, with the following memorandum: It is our view that there was ample evidence to support respondents' finding that petitioner had permitted Joseph Cestone to avail himself of the license issued to petitioner and that that finding justified the refusal to renew. This evidence includes the fact that Cestone was on the premises daily, although ostensibly as an employee; that he handled the day-to-day operation of the premises, such as making bank deposits, business entries and cash disbursements and keeping receipts and inventory; that he had a criminal record dating prior to the issuance of the license; that he is petitioner's brother-in-law and, while employed (as a bartender), purchased and is the owner of the real property on which the premises are located; that petitioner, when questioned, was unable to state how much he had paid for the business or the name of the lawyer representing him on the purchase; that petitioner, contrary to representations in his original license application, was steadily employed in an unrelated job which occupied him from 9:00 A.M. to 4:00 P.M. and sometimes as late as 9:30 P.M. These facts show that the refusal to renew was not arbitrary, capricious and unreasonable (see *Matter of Giovatto v. O'Connell*, 278 App. Div. 371, 372).