■　In the Matter of GOLDEN EAGLE MUTUAL LIFE INSURANCE CORPORATION, Petitioner, v. RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Respondent.— In this article 78 proceeding, the determination of the Superintendent of Insurance dated February 6, 1970 overruling the petitioner's objections, is unanimously confirmed, without costs and without disbursements. With respect to that provision in the collective bargaining agreement providing for an "irrevocable beneficial interest" for petitioner's debit agents, while the Superintendent's expert knowledge of the insurance industry and the substantial evidence test (*Matter of Danzo Estate* v. *New York State Liq. Auth.,* 27 N Y 2d 469) mandated the result here, it would seem that a change in the "label" applied to that situation and in the delineation of the arrangement, could lead to a contrary conclusion.　Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Tilzer, JJ.

■　In the Matter of MAX's KANSAS CITY, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority, dated May 24, 1971, suspending petitioner's restaurant liquor license for a period of 10 days and imposing a $1,000 bond forfeiture, unanimously annulled, on the law, without costs and without disbursements. The alleged altercation involving petitioner's employee, even if believed, is insufficient to establish that petitioner permitted or suffered the premises to become disorderly. As stated in *Playboy Club of N. Y.* v. *State Liq. Auth.* (23 N Y 2d 544, 550): "Conduct is not 'suffered or permitted' unless 'the licensee or his manager knew or should have known' of the asserted disorderly condition on the premises and tolerated its existence." Respondent's reversal of its hearing officer under these circumstances was improper. The hearing officer's finding that the manager and licensee's principal "were not involved in the incident" and "were not in any position to prevent said altercation" and that the charges were not sustained, should be reinstated. We are unable to determine the basis for respondent's conclusion since it did not make new findings. Further, the harassment (Penal Law, § 240.25) conviction of the employee was dismissed with the consent of the District Attorney on appeal. On the record, then, there existed no justification for respondent's reversal of the hearing officer's findings and no substantial evidence to sustain its conclusion.　Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Murphy, JJ.