M. Marvin Berger, J.
The three defendants are charged with violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law stating: “ No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly
The defendants are not licensees. Monahan is employed as a bartender. The other two defendants appear to have been patrons of the establishment, the Moriarity and Reilly Tavern, of which the licensee is Daniel Moriarity.
In any event, the testimony of the arresting officer indicated that Monahan was engaged in a betting transaction behind the bar and that his codefendants, who were working behind the bar, but in a volunteer capacity, were also concerned with betting operations.
*274 Mr. Moriarity was some distance away from the bartender and his amateur assistants and, according to his counsel, who represented the defendants, was unaware of what was transpiring some feet away.
Defendants move for a dismissal on the ground that the statute has no application to them since they are not licensed to sell alcoholic beverages.
The facts in this case are virtually parallel with those in People v. DiGiulio (122 N. Y. S. 2d 473). There, the defendant, a bartender, was also charged with violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law.
Dismissing the charge, City Magistrate Ohbiugeb, -wrote: “ The Legislature, presumably intentionally, used different languages [sic] in its prohibitory subdivisions and in some instances intended to make the licensee solely responsible and in others to make any person violating the provisions liable.
“ Subdivision 6 is clear and unambiguous, it states in clear terms ‘ No person licensed to sell * * * ’ Unequivocally it means any person, as defined in subd. 22 of Sec. 3, who holds a license from the Board permitting him to sell.
‘ ‘ The defendant does not fall within the category of a person licensed to sell, as defined, but is a mere employee of the licensee. Section 106, subd. 6 does not apply to him.”
The Alcoholic Beverage Control Law (§ 3, subd. 17) defines a license as “ a license issued pursuant to this chapter ” (L: 1934, ch. 478). A licensee is defined (subd. 18) as “ any person to whom a license has been issued pursuant to this chapter ”.
Section 106 of the Alcoholic Beverage Control Law is a sweeping collection of regulations, headed “ Provisions governing licensees [sic] to sell at retail for consumption on the premises ”, ranging from prescribing the form of packaging of liquors and wines designed for on-premises consumption to prohibiting certain types of obstruction to a clear view of licensed premises from the street. The section contains fifteen subdivisions “ Several of the fifteen subdivisions of section 106 specifically mention ‘ licensee ’, ‘ retail licensee ’ and 1 person licensed to sell ’, while others do not. It is significant to note that the Legislature, presumably intentionally, used different language in the prohibitory subdivisions and omitted any reference to licensees ”. (People v. O’Neil, 280 App. Div. 145, 146.)
A number of courts have held that only a licensee may be charged with violating section 106 of the Alcoholic Beverage Control Law. Thus, in People v. Corie (196 Misc. 1029), Judge O’CoimoK, wrote (pp. 1029-1030): “ No person other than a *275 licensee can be guilty of violating section 106 of the Alcoholic Beverage Control Law, since the Legislature apparently intended that the licensee and he alone should be responsible for the conduct of the premises And in People v. Flanagan (152 Misc. 916) City Magistrate Aurelio said (p. 917): “ There is nothing in the law (Laws of 1934, chap. 478), making any of the provisions of section 106 applicable to a person other than the licensee ’ ’.
We believe that the sounder view is enunciated in People v. O’Neil (supra). There, the court sustained the conviction of two defendants, employees of a licensed retailer for selling, during prohibited hours, in violation of subdivision 5 of section 106, providing “ No alcoholic beverages shall be sold, offered for sale or given away upon any premises licensed to sell alcoholic beverages at retail for on-premises consumption, during the following hours ”. The court, per Cook, J. said (280 App. Div. 145, 147): “We do not believe the Legislature intended that a licensee is the only person who could be prosecuted for violation of the statute. To accept such an interpretation would, in effect, permit employees to openly flout the provisions contained in subdivision 5 of section 106 of the Alcoholic Beverage Control Law with impunity ’ 1
The case of People v. Burger (54 Misc 2d 92) illustrates nicely the applicability of different subdivisions of section 106 both to the licensee and to another person who was neither the licensee nor his employee. In that case, the defendant was charged with selling whiskey at a licensed club to a nonmember (§ 106, subd. 8) and with sale during hours prohibitecHoy paragraph (a) of subdivision 5 of section 106. He claimed that he was not an employee of the club and asserted that only the club was liable for infringing the statute. The defendant was convicted for the off-hours sale, the Judge stating that the defendant was being held responsible not for the acts of the licensee “ but * * * for his own personal acts in selling liquor during the prohibited hours on licensed premises ”. But, as to the prohibition of subdivision 8 barring a club licensed to sell alcoholic beverage for on-premises consumption from selling to a nonmember or to a person not a guest of a member, the court said: “Here, definitely, the violation refers to the licensee. The defendant, Burger, is not the licensee and, therefore, he cannot be held for a violation of this section ”.
The cases of Matter of O’Day v. O’Connell (283 App. Div. 644, affd. 308 N. Y. 769), and Matter of Abrams v. Bruckman (263 App. Div. 593) cited by defendant as being directly in point are *276 not applicable to the fact situation presented here. They deal with suspension and revocation respecting the plaintiffs’ licenses resulting from illegal activity of the plaintiffs’ employees which the State Liquor Authority felt was attributable to the licensee.
Giving the statute the strict construction in favor of the defendant that must be applied to a criminal law (People v. Schmidt, 221 App. Div. 77) this court feels that subdivision 6 of section 106 of the Alcoholic Beverage Control Law is applicable only to license holders. Accordingly, the charges against the defendants are dismissed and the defendants are discharged.
Of course, the determination of the court is not necessarily binding on the State Liquor Authority in any proceeding affecting the status of Mr. Moriarity’s license. (O’Day v. O’Connell, 283 App. Div. 644, supra.)