Jerome M. Kay, J.
The motion to dismiss is granted and the defendant is found not guilty on the facts and the law.
This is an action under subdivision 5 of section 106 of the Alcoholic Beverage Control Law. The People’s testimony indicated that an alcoholic beverage was consumed in the defendant licensee’s establishment five minutes after the prescribed time set forth in said section. (The police officer testified that he observed someone drinking beer in the premises at 4:35 A.M.)
No case has been brought to this court’s attention interpret *516 ing the pertinent subdivision 5 of section 106 of the Alcoholic Beverage Control Law. The subdivision states in part: "Nor shall any person be permitted to consume any alcoholic beverages upon any such premises later than one-half hour after the start of the prohibited hours of sale provided in this section.” It is admitted that the prescribed hour is 4:00 a.m.
While a literal interpretation of the instant subdivision does not indicate it is the licensee that is liable for its violation, but only the person consuming an alcoholic beverage after the prescribed time, a reading of the Alcoholic Beverage Control Law as a whole leads one to conclude that the scheme of the act is such that it is the licensee that is held exclusively liable. (See McKinney’s Cons. Laws of N.Y., Book 1, Statutes §§ 96, 97, 98; People v Monahan, 69 Misc 2d 273; People v Corie, 196 Misc 1029; but, see, People v O’Neil, 280 App Div 145.)
In any event, the instant subdivision uses the phrase "not be permitted”, rather than a clear mandatory prohibition. Had the Legislature so intended, it could have enacted the words "nor shall any person consume any alcoholic beverages”; instead it legislated the terms "nor shall any person be permitted to consume any alcoholic beverages”. (See McKinney’s Cons. Laws of N.Y., Book 1, Statutes, §§ 97, 177, and the wording of Alcoholic Beverage Control Law, § 65.)
In searching for a guide to the interpretation of the subdivision before the court, the court looks to other sections of the Alcoholic Beverage Control Law which have substantially the same wording.
Subdivision 6 of section 106 of the Alcoholic Beverage Control Law states: "No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly.”
The leading case interpreting this section is Matter of Migliaccio v O’Connell (307 NY 566). The Court of Appeals indicated that the commission of a prohibited act in a licensed premises alone is not enough for a conviction of a licensee under subdivision 6 of section 106. It should be noted that this is not the interpretation given to certain other provisions of the Alcoholic Beverage Control Law having different wording. (See People v Danchak, 24 AD2d 685; People v Leonard, 8 NY2d 60.)
*517 The court went on to say in Matter of Migliaccio v O’Connell (supra) that a licensee, in order to be convicted, had to know or should have known that the prohibited act or acts were committed. This decision of the Court of Appeals was based on People ex rel. Price v Sheffield Farms (225 NY 25) where Judge Cardozo interpreted a labor statute which stated, "No child under the age of fourteen years shall be employed or permitted to work”.
In his opinion, Judge Cardozo said (p. 31): "Sufferance, like permission, connotes some opportunity for knowledge.” He went on to say (p. 30): "Sufferance as here prohibited, implies knowledge or the opportunity through reasonable diligence to acquire knowledge.” The wording of the labor statute was even more similar to the instant subdivision than to subdivision 6 of section 106.
The Court of Appeals has continued to follow Judge Cardozo’s rule in interpreting subdivision 6 of section 106 of the Alcoholic Beverage Control Law. (See Matter of Playboy Club of N.Y. v State Liq. Auth., 23 NY2d 544; Matter of Missouri Realty Corp. v New York State Liq. Auth., 22 NY2d 233.)
This court thus rules that based upon the language of the statute to be applied, the Court of Appeals’ interpretation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law should be carried over to the instant subdivision 5 of section 106 of that law in that the licensee must know or should have known that an alcoholic beverage was being consumed in the premises after the prescribed time.
Even believing the police officer’s testimony that the prohibited act of consuming an alcoholic beverage, to wit: beer, occurred at 4:35 a.m., just five minutes after the prescribed hour, the police officer also testified that he had to ask the bartender to take him to the licensee in order to serve the summons. No evidence was adduced at the trial that the licensee had knowledge that beer was being consumed at 4:35 a.m., or that the licensee should have known that the beer was being consumed at that time; that the licensee was in the public part of the premises, or that he could have prevented the beer from being consumed. Consequently, the licensee cannot be held liable under the prescription of subdivision 5 of section 106. (See Max’s Kansas City v State Liq. Auth., 38 AD2d 824; Matter of Smith v State Liq. Auth., 43 AD2d 756.)