■    In the Matter of DAVID J. FALSO, Doing Business as PALM GARDENS RESTAURANT, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Cortland County) to review a determination of the State Liquor Authority which suspended petitioner's liquor license for 10 days and demanded payment of petitioner's $1,000 bond. On January 24, 1972 the State Liquor Authority issued a restaurant liquor license to David J. Falso, petitioner herein, doing business as Palm Gardens Restaurant located in Cortland, New York. On November 21, 1975 the State Liquor Authority instituted a proceeding to suspend petitioner's license based upon a charge "[t]hat the licensee violated section 106, subdivision 6 of the Alcoholic Beverage Control Law in that he suffered or permitted gambling on the licensed premises on August 22, 1975". It is undisputed that on August 22, 1975 racing bets were taken at the licensee's premises by certain individuals with the knowledge and active assistance of petitioner's brother, the bartender, who at the time was the only employee present. It is also established that petitioner was not present during the time when the bets were taken. Petitioner therefore contends that the record lacks substantial evidence to support a finding that he had knowledge or the opportunity through reasonable diligence to acquire knowledge of the illegal gambling activities transpiring within his premises. Respondent contends that petitioner is chargeable with the knowledge of the bartender because of the latter's supervisory activities. The cases demonstrate that there is no hard and fast rule as to when the knowledge and/or activities of a bartender will be imputed to the licensee (cf., e.g., *Matter of*

*Corcoran v New York State Liq. Auth.,* 5 NY2d 813, with *Matter of 2125 Barnery's Inc. v New York State Liq. Auth.,* 16 AD2d 252, affd 13 NY2d 662). In *Matter of Triple S. Tavern v New York State Liq. Auth.* (40 AD2d 522, affd 31 NY2d 1006) it was stated that "an employee's illegal activities will not necessarily be imputed to the corporate licensee. It must be demonstrated that the manager or a corporate officer had knowledge or the opportunity through reasonable diligence to acquire knowledge". While petitioner's brother may not have had an official managerial title, the record establishes beyond peradventure that he was in effective charge of the premises for the bulk of the period between 11:00 A.M. and 6:00 P.M. each day, and had been so employed for approximately three years at the time of the activities leading to the charge. We are certain that the Court of Appeals, in approving the formulation of the rule as declared in *Triple S.,* did not intend to countenance violations of its spirit by the device of vesting managerial functions in one lacking a managerial title. We do not intend to imply that the present petitioner was motivated by wrongful intent, but in view of the strong public policy against gambling in establishments licensed to sell liquor, the licensee must be responsible for the acts of employees who exercise managerial authority. We, therefore, find that the determination of respondent was supported by substantial evidence. We also reject the contention that the penalty imposed is excessive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.