OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed, on the law, information dismissed and fine remitted.
Defendant, a barmaid, was convicted of an offense constituting a misdemeanor for permitting the consumption of an alcoholic beverage, at 4:36 a.m., upon a licensed premises, which was later than one-half hour after the start of the prohibited hour for sale of alcoholic beverages, viz., 4:00 a.m. (see Alcoholic Beverage Control Law, § 106, subd 5, par [b]).
The officers testified that at 4:30 a.m., they had compared their watches to the time announced by a radio station. Thereafter, at about 4:36 a.m., a patron on the licensed premises was observed drinking beer.
While there are some cases holding that this section only applies to the licensee of the premises (People v Stentella, 83 Misc 2d 515), the better view, and that supported by the specific language of the statute, is that any person who violates the prohibition of the section can be prosecuted (People v O’Neil, 280 App Div 145; People v Monahan, 69 Misc 2d 273; People v Burger, 54 Misc 2d 92). Therefore, defendant could be charged with a violation of this section.
The primary issue before the trial court was the time of the occurrence. In deciding this critical question, the trial court improperly vouched for the integrity of the two police officers who testified on behalf of the People and gave their testimony credence based upon facts not disclosed by the evidence. For this reason alone, a reversal of the judgment of conviction is warranted.
Independent of the foregoing, we would be inclined to reverse based upon the evidence adduced upon the trial. The measurements of many instruments in daily use, such as watches, thermometers, and personal scales are taken for granted and "[o]nly when a disputed issue turns upon minute accuracy would their correctness need to be verified” (People v Matessino, 15 Misc 2d 7, 8-9). Since the time of the consumption is the gravamen of the instant offense, the method used to ascertain the time is of pre-eminent importance. Where lawful behavior becomes unlawful because of some quantum *1089 or unit of measurement, then the accuracy of the means used to establish such quantum or unit of measurement must be established (see People v Prince Jagendorf Greene Inc., 7 NY2d 42; People v Samuels, NYLJ, Sept. 4, 1975, p 8, col 2; People v Oak Beach Inn Corp., NYLJ, Dec. 1, 1971, p 18, col 6; People v Babylon Milk & Cream Co., NYLJ, Sept. 23, 1965, p 16, col 3; People v Matessino, supra; People v Dazi, 14 Misc 2d 774). It is well known that most radio stations periodically broadcast the time. However, the mere fact that they do so is not a sufficient basis upon which a court could take judicial notice of the accuracy of such announcement (see Richardson, Evidence [10th ed], § 9; People v Alicea, 25 NY2d 685). Therefore, if the People intended to rely on the broadcast to verify the exact time, proof should have been submitted as to the accuracy of the station’s time check.
This is not to say that an officer’s on the spot verification of the time by some convenient method must be disregarded in all cases, where the accuracy of the source of the verification has not been established. There may be occasions where the disparity between the measurement of what constitutes lawful and unlawful behavior is sufficiently large that a less exacting standard or measurement may be sufficient. However, in this case, defendant’s guilt hinges on a span of only a few minutes thereby requiring a more precise verification of the actual time.
We conclude that where, as here, conduct, not otherwise criminal in nature, becomes so by the mere passage of time, the shorter the elapsed time between the commencement of the alleged violation and the termination of the lawful conduct, the more precise the verification required. However, conversely, it may well be that the longer the period of time the less exacting the verification that will be required.
Concur: Farley, P. J., Pittoni and Geller, JJ.