■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MITCHELL, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered November 29, 1982, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After reviewing the record, it is clear that defendant's speedy trial motion was properly denied. The People should not be charged with that period of time in which defendant was incarcerated, under an alias supplied by defendant, in a different county within the State. Defendant, by his own conduct in failing to appear for a scheduled court date and utilizing two different aliases, was responsible for the delay, and this strongly suggests an attempt to avoid apprehension or prosecution (CPL 30.30, subd 4, par [c]; *People v Manley,* 63 AD2d 988; *People v*

*Miller,* 61 AD2d 1036). As to defendant's oral motion on the day of trial for suppression of certain evidence on the ground that the People failed to comply with section 450.10 of the Penal Law, we agree with the County Court that the motion was untimely. Even if we were to consider the merits of the motion, the result would not change. There is no suggestion that the police acted in bad faith when the stolen jewelry was returned to the department store (see *People v Angelo,* 93 AD2d 264). In addition, once this case was assigned to an Assistant District Attorney and the error was discovered, a detective was sent to the store to retrieve the jewelry. The purpose of section 450.10 is to provide defendant (and the People) with the opportunity to inspect the stolen merchandise and determine its value, in preparation for trial. In this case, the jewelry was retrieved from the owner in March of 1981. The trial did not commence until October 25, 1982. Under the circumstances, we find that the defendant had more than ample time in which to inspect the merchandise, had he wished to avail himself of the opportunity. We do, however, take this opportunity to once again remind the various law enforcement agencies of this judicial department that strict compliance with the statute is expected.

Defendant's other contentions have no merit. Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.