■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT FONTAINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered January 5, 1983, convicting him of burglary in the third degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

We reject the defendant's contention that his arrest was based only upon a vague and generalized description and thus did not satisfy the criteria for probable cause *(cf. People v De Bour,* 40 NY2d 210, 225; *People v Riddick,* 110 AD2d 787). Three witnesses who saw the perpetrator at the burglarized premises gave the responding officers the same description: male Hispanic or light-skinned black, tall, large build, wearing tan shorts and a red tee shirt. Within minutes of the crime itself, the same officers spotted an individual exactly fitting this description less than two blocks from the scene, and immediately placed him under arrest. The sufficiently detailed description given the officers, together with the closeness in time and proximity to the crime of their spotting of the defendant were more than adequate to give the officers reasonable cause to believe that this was the individual who had been described to them as the burglar *(cf.* CPL 140.10 [1] [b]). The information relied upon by the police in making the arrest was received in a direct face-to-face encounter in which they were able to observe the facial expressions and emotional states of the witnesses *(see, People v De Bour, supra; People v Crosby,* 91 AD2d 20, 28, *lv denied* 59 NY2d 765). The police knew how the witnesses' information was come by, and had no reason to suspect any untoward motive or lack of reliability, particularly in view of the independent corroboration of the description among the three witnesses *(see, People v Hicks,* 38 NY2d 90; *People v Crosby, supra).*

Also without merit is the defendant's contention that the People failed to prove his guilt beyond a reasonable doubt. The strong evidence of the defendant's guilt, though entirely circumstantial, was sufficient to exclude to a moral certainty every other reasonable hypothesis *(see, People v Way,* 59 NY2d 361, 365). The mere fact that the defense presented testimony attempting to establish that the property recovered from the defendant belonged to him and not the complainant does not entitle the defendant to an acquittal *(see, People v Kennedy,* 47 NY2d 196, 204-205).

Finally, the defendant has failed to make any showing of prejudice to his defense or bad faith on the part of the police or prosecutor with respect to the belated notice and production of the gold wedding band that was used as evidence against him at trial. The ring was returned to its owner immediately following the defendant's arrest, instead of being kept and vouchered by police in accordance with Penal Law § 450.10; such a failure to follow proper procedures, as has

been noted before, is unacceptable *(see, People v Kelly,* 62 NY2d 516, 520; *People v Mitchell,* 106 AD2d 478). Nonetheless, the defendant had sufficient notice that the People intended to put the item into evidence at trial, and could have moved to adjourn the start of trial rather than waiting until the day it began and moving to suppress the ring at that time *(see, People v Mitchell, supra).* Moreover, neither in making his motion nor on appeal has the defendant given an adequate explanation of how his ability to conduct his defense was prejudiced by the belated production of the ring, which was available for inspection prior to trial, Under the circumstances, the court did not abuse its discretion in admitting the ring in evidence *(see, People v Kelly, supra,* at pp 520-522; *People v Mitchell, supra).* Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.