■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FUNCHESS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 5, 1986, convicting him of criminal possession of stolen property in the second degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of criminal possession of stolen property in the second degree to criminal possession of stolen property in the third degree, vacating the sentence imposed thereon, and remitting the matter to the Supreme Court, Kings County, for resentencing; as so modified, the judgment is affirmed.

The defendant was convicted of possessing stolen property including $222 in cash, plus various items of costume jewelry and personal papers. The People failed to show that the aggregate value of the property exceeded the $250 statutory threshold, mandated by Penal Law § 165.45 as it then existed, to support a conviction of criminal possession of stolen property in the second degree. By statute, value is defined as the market value of the property at the time and place of the crime, or if the market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the crime *(see,* Penal Law § 155.20 [1]). An owner's testimony respecting the purchase price of stolen items is insufficient to establish market value *(see, People v Jackson,* 111 AD2d 253; *People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Jones,* 111 AD2d 264; *People v Cahill,* 83 AD2d 589). Although

under certain circumstances, an owner is considered competent to testify respecting the value of jewelry *(see, People v Womble,* 111 AD2d 283 [the value of gold and diamond jewelry at issue]), in the case at bar, the jewelry consisted of inexpensive costume pieces purchased several years before, a Seiko watch purchased from a street vendor and a gold bracelet the complainant received as a gift for which no price was offered. Since no testimony was offered to prove either the current market value of the stolen items or their replacement value, their value was not established, leaving only $222 cash in stolen property to support the defendant's conviction, which falls short of the $250 statutory threshold. As such, the conviction must be reduced to the lower count of criminal possession of stolen property in the third degree *(see,* Penal Law § 155.20 [4]).

The denial at the commencement of the trial of the defendant's motion to preclude introduction into evidence of items of property returned to the complainant in violation of Penal Law § 450.10 was not error. The motion was untimely and the defendant did not demonstrate to the court that his defenses had been prejudiced by the wrongful return of the property, nor was it shown that the People had acted in bad faith in returning the property to avoid further inconvenience to the owner *(see, People v Fontaine,* 122 AD2d 71, *lv denied* 68 NY2d 769; *People v Mitchell,* 106 AD2d 478). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.