■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMAS, Appellant. [620 NYS2d 433] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 16, 1992, as amended February 14, 1992, convicting him of burglary in the first degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and sentencing him to concurrent terms of 15 years to life imprisonment for burglary in the first degree, one year imprisonment for criminal possession of stolen property in the third degree, one year imprisonment for criminal possession of a weapon in the fourth degree, and a 30 days imprisonment for criminal mischief in the fourth degree.

Ordered that the judgment, as amended, is modified, on the law, by (1) vacating the sentence of 15 years to life imprisonment for burglary in the first degree and reinstating the original sentence imposed January 16, 1992, of eight to sixteen years imprisonment, and (2) reducing the conviction of criminal possession of stolen property in the third degree to criminal possession of stolen property in the fifth degree, and vacating the sentence imposed thereon; as so modified, the judgment, as amended, is affirmed.

On May 7, 1991, at approximately 10:30 A.M., the defendant, without permission, entered the apartment of a brother and sister in Brooklyn. The defendant threatened the male victim with a knife, tied him up, and ransacked the apartment, taking jewelry, stereo equipment, and other items claimed by the female victim to have cost more than $3,000.

Police officers accompanied by the male victim apprehended the defendant upon the male victim's identification of the

defendant as the latter emerged from a nearby pawn shop. When arrested, the police found in the defendant's pockets, and in his possession, jewelry belonging to the female victim along with other items which belonged to the victims.

The defendant correctly argues that the trial court erred in not giving defense counsel an opportunity to participate in formulating a response to a note submitted by the jury (see, *People v O'Rama,* 78 NY2d 270). However, we find that the court's response to the note was proper. In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt in that the male victim identified the defendant as the perpetrator and following the burglary, the police apprehended the defendant as he emerged from a pawn shop with the stolen property (see, *People v Beckham,* 174 AD2d 748).

However, the trial court improperly resentenced the defendant on February 14, 1992, since the original sentence imposed January 16, 1992, did not involve a clerical error and was not invalid as a matter of law (see, *Matter of Kisloff v Covington,* 73 NY2d 445; *Matter of Campbell v Pesce,* 60 NY2d 165). Therefore, we reinstate the original sentence of an indeterminate term of eight to sixteen years imprisonment for the conviction of burglary in the first degree.

As the People correctly concede, the testimony of the female victim was insufficient to establish that the value of the property stolen by the defendant exceeded $3,000, an element of criminal possession in the third degree (see, *People v Funchess,* 137 AD2d 831). Accordingly, we reduce the defendant's conviction of criminal possession of stolen property in the third degree to criminal possession of stolen property in the fifth degree, which does not require proof of the value of the stolen property (see, *People v Lopez,* 79 NY2d 402; *People v Funchess,* 137 AD2d 831, *supra; People v Womble,* 111 AD2d 283). Since the defendant has already served the maximum term permitted for that crime, there is no need to remit the matter for resentencing. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.