*106 OPINION OF THE COURT
Memorandum.
Order unanimously modified on the law by vacating the provision thereof dismissing the accusatory instruments, instruments reinstated and matter remanded to the court below for all further proceedings; as so modified, affirmed.
Moments after police officers reached the scene of an automobile accident involving a single vehicle which, apparently, had knocked over a light pole and telephone booth before colliding with a tree, one of several citizen bystanders who had gathered to view the accident scene, pointed to defendant, then about 100 yards distant and running away from the scene, and identified him as the driver of the wrecked automobile. One of the officers pursued defendant who, in response to the officer’s order to “stop,” discarded a package of beer and continued his flight. After overtaking and stopping defendant, the officer observed several indicia of intoxication and placed defendant under arrest. In response to the officer’s postarrest questioning, defendant made several incriminating statements. Following a hearing to consider the propriety of the arrest and the admissibility of his statements, the court below granted defendant’s motion to suppress evidence, ruling that probable cause to arrest could not lie on information from an unidentified citizen witness, the defendant’s custodial statements should be suppressed as obtained in violation of defendant’s Miranda rights, and dismissed the accusatory instruments charging defendant with per se and common-law driving while intoxicated, and leaving the scene of an accident. In our view, there was probable cause for defendant’s arrest and the accusatory instruments should be reinstated. However, as the court properly determined that defendant’s custodial statements were not preceded by a waiver of his Miranda rights, to the extent the order suppressed said statements, it is affirmed.
An identified citizen informant is “presumed to be personally reliable” (People v Parris, 83 NY2d 342, 350 [1994]) and such an informant’s “personal observations of the events . . . described” suffice to establish the basis of knowledge requirement (People v Hetrick, 80 NY2d 344, 348 [1992]) and therefore probable cause to arrest (e.g. People v Jean-Charles, 226 AD2d 395 [1996] [“(I)nformation provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest”] [internal quotation marks omitted]).
*107 However, at least since People v Arthurs (24 NY2d 688 [1969]), the Court of Appeals has recognized that “there may be circumstances in which . . . even full arrest for a chargeable crime[ ] would be reasonable, let alone mandated on a police officer” based on “information spontaneously provided in a street incident by a single civilian bystander . . . who is later unavailable or unidentifiable” (id. at 693). For example, if the witness’ emotional state and his or her temporal and physical proximity to the events related suggest that the witness is “excited” and speaking without the opportunity for reflection, and, therefore, fabrication (People v Reyes, 308 AD2d 422, 423 [2003] [unidentified informant’s “excited demeanor” a factor in assessing reliability]; People v Sanchez, 151 Misc 2d 431, 437 [Sup Ct, Kings County 1991] [same]; see generally 2 LaFave, Search and Seizure § 3.4 [a], at 209-217 [3d ed]).
Thus, where the nature and context of the face-to-face encounter between the officer and an unidentified citizen informant permit an officer sufficiently to assess the citizen’s credibility and basis of knowledge and where said knowledge proves to be based on that “most reliable” of foundations, i.e., the informant’s “own description of underlying circumstances personally observed” (People v Bigelow, 66 NY2d 417, 423 [1985]), the propriety of a resulting full-blown arrest is upheld notwithstanding that the citizen’s identity was not ultimately ascertained (e.g. People v Fontaine, 122 AD2d 71, 72 [1986] [probable cause established because information relied upon by arresting officers, obtained from three witnesses to the offense who were not subsequently identified, was received in a “direct face-to-face encounter in which they were able to observe the facial expressions and emotional states of the witness! )”]; People v Crosby, 91 AD2d 20, 28 [1983] [same, noting that the arresting officer “knew how the information was come by, and there was no reason to believe there was an expectation of private gain by the witness”]).
Accordingly, in the circumstances presented herein, there was probable cause for defendant’s arrest. The portion of the order as dismissed the accusatory instruments is vacated and the accusatory instruments reinstated. However, we agree that defendant’s arrest-scene admissions, made in the absence of a waiver of the Miranda advisements, were properly suppressed, *108 as were his subsequent, station house admissions, as insufficiently attenuated from the preceding illegality (People v Bethea, 67 NY2d 364, 368 [1986]).
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.