Memorandum. The judgment appealed from should be reversed and a new trial ordered. The value of the stolen article under the applicable statute (former Penal Law, § 1305; see new *687 Penal Law, § 155.20, suM. 1) is “ the price at which * * * [it] would probably have been sold in the regular course of business at the time when and the place where * * * [it was] stolen ” (People v. Irrizari, 5 N Y 2d 142, 146). The insurance payment, indefinite in amount, which complainant received for his automobile was insufficient to prove that such value at the time of the theft was at least $500. Without complainant’s insurance policy or equivalent evidence available in the record, it was impossible to tell what portion of the insurance payment reflected car value, rather than compensation for car rental fees or other expenses, if any, for an undetermined period.
The 1967 National Market Beports’ “ Redbook ”, listing average wholesale values for used cars of specified make, model, and year, is not a fit subject for judicial notice, inasmuch as the values recorded are neither notorious nor incontestable (see 9 Wigmore, Evidence [3d ed.], § 2571, pp. 547-548; McCormick, Evidence, § 325, pp. 691-694; Richardson, Evidence [Prince, 9th ed.], §§ 9, 41). Moreover, proof of an average value only slightly above the statutory level, in the absence of evidence of the condition of the particular vehicle, was, in any event, inadequate to sustain a conviction (see People v. Harold, 22 N Y 2d 443; cf. People v. Carter, 19 N Y 2d 967). Given a proper foundation, however, such reports may be admissible at the trial as supportive, and in some cases sufficient evidence of value (see, e.g., Whelan v. Lynch, 60 N. Y. 469, 474-475; Watts v. Phillips-Jones Corp., 211 App. Div. 523, 529-531, affd. 242 N. Y. 557 ; 6 Wigmore, Evidence [3d ed.], supra, § 1704; Richardson, Evidence [Price, 9th ed.], supra, § 370).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment reversed, etc.