■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUC GEORGE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bianchi, J.), rendered October 28, 1987, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), and arson in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lakritz, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The hearing court found that prior to receiving *Miranda* warnings, the defendant did not make a statement which tainted his subsequent statements. That finding was based largely upon an assessment of credibility *(Amend v Hurley,* 293 NY 587; *People v Lopez,* 95 AD2d 241, 252) and, under the facts of this case, we decline to overturn it *(People v Prochilo,* 41 NY2d 759; *People v Vail,* 90 AD2d 917, 918).

Reversal, however, is mandated on the ground that the trial court, *sua sponte,* and over the defendant's strenuous objections, submitted a "redacted" indictment to the jury. Unlike *People v Moore* (71 NY2d 684), the jury here did not seek any such information, the prosecutor objected as well, and the submission therefore cannot be justified on the basis of any statutory obligation to comply with a jury request (CPL 310.30; *People v Malloy,* 55 NY2d 296, 301; *People v Moore, supra,* at 686; *People v Lourido,* 70 NY2d 428).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Segal,* 54 NY2d 58, 66; *People v Westergard,* 113 AD2d 640, 646-648; *People v Fitzgerald,* 26 AD2d 712, 713). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.