■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALLIE MATHIS, Appellant.

Reversal is mandated on the ground that the trial court, *sua sponte,* and over the defendant's objection, submitted a copy of the indictment to the jury *(see, People v Kelly,* 76 NY2d 1013, 1014; *People v Taylor,* 76 NY2d 873, 874; *People v Nimmons,* 72 NY2d 830; *People v Sanders,* 70 NY2d 837; *People v Brooks,* 70 NY2d 896; *People v Owens,* 69 NY2d 585; *People v Sotomayer,* 173 AD2d 500; *People v George,* 162 AD2d 705). Unlike *People v Moore* (71 NY2d 684), the jury here did not seek any such information and the submission therefore cannot be justified on the basis of any statutory obligation to comply with a jury request *(see,* CPL 310.30; *see, People v Moore, supra,* at 686; *People v Lourido,* 70 NY2d 428).

Although the defendant's contention that the evidence presented by three of the complaining witnesses as to counts 38, 39, and 41 of the indictment, charging grand larceny in the second degree, was legally insufficient to prove the value of the stolen property exceeded $1,500 has not been preserved for appellate review (CPL 470.05 [2]), we reach this issue in the exercise of our interest of justice jurisdiction. A review of the record reveals that the evidence with respect to counts 38, 39, and 41 was insufficient to comply with the statutory requisite that "the value of the [stolen] property exceeds one thousand five hundred dollars" (Penal Law former § 155.35). Accordingly, we dismiss counts 38, 39 and 41, without prejudice to the People to re-present any lesser appropriate charges to another Grand Jury *(see, People v Beslanovics, supra).* Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.