[609 NYS2d 990]

In the Matter of KIMBERLY H., a Person Alleged to be a Juvenile Delinquent, Appellant.

Fourth Department, March 11, 1994

APPEARANCES OF COUNSEL

*Thomas J. Giglio,* Utica, for appellant.

*John Balzano, County Attorney* of Oneida County, Utica *(G. Lawrence Dillon* of counsel), for respondent.

### OPINION OF THE COURT

BOEHM, J.

The issue raised in this appeal is whether an automated teller machine (ATM) card constitutes a debit card or credit card as defined by General Business Law § 511.

I

Respondent Kimberly H., a juvenile, stole the ATM card of her mother and used it to withdraw a total of $600 from her mother's account. Respondent knew her mother's personal identification number, and was thereby able to access the account. When respondent's mother became aware of the missing funds, she reported respondent's unauthorized withdrawals to the police.

Thereafter, the Oneida County Attorney's office, the presentment agency, brought a proceeding under article 3 of the Family Court Act to adjudicate respondent a juvenile delinquent. After a fact-finding hearing, Family Court found that respondent had committed acts that, if committed by an adult, would constitute petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]). In its subsequent order of disposition, Family Court adjudicated respondent a juvenile delinquent and placed her in the custody of the Commissioner of Social Services for placement in foster care. Respondent erroneously appealed from the fact-finding order rather than the order of disposition. We exercise our discretion to disregard the misstatement in the notice of appeal *(see,* CPLR 5520 [c]) and we

deem the appeal to have been taken from the order of disposition (see, *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

## II

On appeal, respondent contends that Family Court erred in its determination regarding the application of Penal Law § 165.45 (2). That section provides that an individual is guilty of criminal possession of stolen property in the fourth degree "when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof * * * and when * * * [t]he property consists of a credit card or debit card" (Penal Law § 165.45 [2]).

The Penal Law defines "debit card" and "credit card" as those terms are defined in General Business Law § 511 (Penal Law § 155.00 [7], [7-a]). An ATM card is neither a debit card nor a credit card under those definitions.

A debit card is "a card * * * which may be used, without a personal identification number * * * to purchase or lease property or services" (General Business Law § 511 [9]). Respondent was required, however, to use the personal identification number of her mother to withdraw the funds from her account. Further, the mother's ATM card was used to withdraw funds belonging to her, not "to purchase or lease property or services".

A credit card is "any credit card, credit plate, charge plate, courtesy card, or other identification card or device * * * used to obtain a cash advance or a loan or credit or to purchase * * * property or services on the credit of the issuer or of the holder" (General Business Law § 511 [1]). The withdrawals made by respondent, even had they been authorized, did not constitute loans or credits. Nor did respondent's withdrawals constitute "cash advance[s]". As commonly understood, an advance is "a furnishing of money or goods for others, in expectation of reimbursement * * * a loan" (Webster's New Twentieth Century Dictionary [2d ed unabridged]), or the payment of "money or render[ing] other value before it is due * * * furnish[ing] something before an equivalent is received," or loaning or furnishing on credit (Black's Law Dictionary 52 [6th ed]). Clearly, obtaining money from one's own account by means of an automated teller machine activated by an ATM card is not within one of the defined categories.

Although the definition of credit card in the General Business Law would appear to be clear and unequivocal, making

resort to extrinsic matter inappropriate *(see, Sega v State of New York,* 60 NY2d 183, 191), any further clarification that may be needed is readily furnished by examining the most recent legislative history of General Business Law § 511. That history supports the view that the Legislature, for whatever reason, failed to include ATM cards within its expanded definition of credit card. When the term "cash advance" was added to the definition in 1970 (L 1970, ch 988, § 1), the Senate memorandum noted that "[a] significant feature of the bill is the extension of the definition of credit card to include any such device used to obtain a 'cash advance or a loan.' This new language has been inserted to *cover bank credit cards,* a device presently not covered by the existing definition" (Mem of Sen Dunne, 1970 NY Legis Ann, at 107 [emphasis provided]). The Budget Report on 8402-A stated that the bill would "expand the definition of 'credit cards,' to include cards that may be used to obtain cash *loans"* (Mem of Div of Budget, Bill Jacket, L 1970, ch 988 [emphasis provided]). The amendment enabled the holders of credit cards to withdraw funds on their credit by obtaining cash advances or cash loans, not cash withdrawals of their own funds.

Lastly, to whatever extent there may be ambiguity in the statutory definition of credit card, the construction " 'more favorable to the defendant should be adopted in accordance with the rule of lenity' " *(People v Green,* 68 NY2d 151, 153; *see also, People v Jackson,* 106 AD2d 93, 96).

### III

We conclude that an ATM card is not a credit card or debit card as those terms are defined in Penal Law § 155.00 (7) and (7-a) and General Business Law § 511 (1) and (9).

Accordingly, the disposition and the adjudication that respondent committed an act that, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fourth degree should be vacated and the matter should be remitted to Oneida County Family Court for a new dispositional hearing and order.

PINE, J. P., FALLON, CALLAHAN and DAVIS, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, and matter remitted to Oneida County Family Court for further proceedings in accordance with the opinion by BOEHM, J.