■ The People of the State of New York, Respondent, v Anthony Cooper, Appellant. [668 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered February 1, 1996, convicting him of robbery in the first degree and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of grand larceny in the fourth degree under the second count of the indictment to petit larceny, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support the convictions is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245; *People v Gray,* 86 NY2d 10). In any event, viewing the ev-

idence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree and grand larceny in the fourth degree under the third count of the indictment as defined by Penal Law § 160.15 (4) and § 155.30 (5), respectively. Moreover, issues of credibility, and the weight to be accorded the evidence presented, are to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, under Penal Law § 155.30 (1), "[a] person is guilty of grand larceny in the fourth degree when he steals property and when: (1) [t]he value of the property exceeds one thousand dollars". Because the evidence presented at trial only established that the defendant stole $990, the conviction under the second count of the indictment for grand larceny in the fourth degree as defined by Penal Law § 155.30 (1) cannot stand. Nevertheless, there is sufficient evidence to support a conviction of the lesser-included offense of petit larceny (Penal Law § 155. 25; *see,* CPL 470.15 [2] [a]; *People v Washington,* 155 AD2d 634, 635). Accordingly, the defendant's conviction for grand larceny in the fourth degree under the second count of the indictment is reduced to petit larceny. There is no need to remit the matter for resentencing since the defendant has already served the maximum time to which he could have been sentenced on the petit larceny conviction (*see,* Penal Law § 70. 15 [1]; *People v Hernandez,* 203 AD2d 479, 480; *People v Quinn,* 186 AD2d 691, 692). Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.