[702 NYS2d 739]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIANNA BROWN, Respondent.

Fourth Department, February 16, 2000

**APPEARANCES OF COUNSEL**

*Frank J. Clark, District Attorney* of Erie County, Buffalo (*J. Michael Marion* of counsel), for appellant.

*Kristin Marie Preve,* Buffalo, for respondent.

**OPINION OF THE COURT**

SCUDDER, J.

The issue before us in this case of first impression is whether defendant, the biological mother of an adopted child, charged with, *inter alia,* kidnapping in the second degree (Penal Law § 135.20), is a relative of that child pursuant to Penal Law § 135.00 (3) and therefore entitled to the affirmative defense set forth in Penal Law § 135.30. We conclude that defendant is not a relative of the child within the meaning of Penal Law § 135.00 (3) and § 135.30 and thus that County Court erred in determining that the Grand Jury proceedings were defective because the prosecutor failed to instruct the Grand Jury on that affirmative defense.

Pursuant to an order of adoption signed November 4, 1996, defendant's biological child was adopted by a couple, with defendant's consent. On June 9, 1998, defendant and codefendant, her boyfriend, allegedly drove into the adoptive couple's yard and abducted the child, who was playing there. The child's adoptive mother pulled the car window out of the driver's door in an attempt to prevent the child from being taken. Although defendant was in the car, the child's adoptive mother did not recognize her because defendant was dressed in a disguise. Approximately 30 minutes later, the child was either released or escaped and telephoned his adoptive mother. Defendant and her boyfriend apparently intended to take the child to Texas and were believed to be in Texas at the time the case was submitted to the Grand Jury.

Penal Law § 135.30 provides that, "[i]n any prosecution for kidnapping, it is an affirmative defense that (a) the defendant was a relative of the person abducted, and (b) his [or her] sole purpose was to assume control of such person." Defendant contends that, as the biological mother of the child, she was a relative of the child within the meaning of Penal Law § 135.00 (3) and § 135.30. We disagree. We reject defendant's contention that the term "parent" is ambiguous (*see,* Penal Law § 135.00 [3]; § 135.30) and that, pursuant to the rule of lenity (*see, Matter of Kimberly H.,* 196 AD2d 192, 195; *People v Jackson,* 106 AD2d 93, 96), we should adopt the construction of the term "parent" more favorable to defendant. Pursuant to Domestic Relations Law § 114 (1), "the judge or surrogate shall make an order approving the adoption and directing that the adoptive child shall thenceforth be regarded and treated in all respects

as the child of the adoptive parents". Thus, because the adoptive parents are the parents of the child by operation of law, we conclude that the term "parent" is not ambiguous.

It may be, as the dissent asserts, that defendant was favorably disposed toward the child because she is his biological mother. However, her feelings for the child are not determinative. The affirmative defense was "designed to treat more leniently the tragic taking of a child by a relative, often a parent, because of a 'custody battle'" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 135, at 498). Penal Law § 135.30 was intended to provide an affirmative defense to a person with at least potential legal rights to, and certainly a legal relationship with, the abducted child. The statute is stretched beyond the limits of its intent if we accept the view that a biological parent, with no legal rights or responsibilities with respect to the child, is entitled to the benefit of the affirmative defense. The court therefore erred in determining that the prosecutor was required to instruct the Grand Jury on the affirmative defense set forth in Penal Law § 135.30 and in dismissing count one of the indictment, which charged defendant with kidnapping in the second degree. Accordingly, the order should be reversed, the motion denied, count one of the indictment reinstated and the matter remitted to Erie County Court for further proceedings on the indictment.

LAWTON, J. (dissenting). I respectfully dissent. The majority, in interpreting Penal Law § 135.30, places too much emphasis on the status of the adoptive parents vis-à-vis those of defendant, the biological mother, in discerning the intent of the statute. This is not a case that concerns the relative rights of biological and adoptive parents. There is no question that the status of the adoptive parents in this case is in all respects superior to that of defendant. Here, we are concerned solely with the rights of defendant in this criminal prosecution. In article 135 of the Penal Law, custodial interference is distinguished from kidnapping and regarded as a less serious crime because of the likelihood that a relative who assumes control of a child would be favorably disposed toward the child (see, Model Penal Code and Commentaries § 212.4, at 252-253). Defendant, who acted to be reunited with her biological son, clearly was favorably disposed toward him, as even the majority acknowledges. Therefore, the evils sought to be addressed by the kidnapping statute are not present. Sufficient evidence was submitted to the Grand Jury to establish that the sole purpose

of defendant was to assume control of her child. Thus, County Court properly determined that the Grand Jury proceedings were defective because the prosecutor failed to instruct the Grand Jury on the affirmative defense to kidnapping set forth in Penal Law § 135.30 (*see generally, People v Valles*, 62 NY2d 36, 38-39). Accordingly, I would affirm.

PINE, J. P., and HAYES, J., concur with SCUDDER, J.; LAWTON, J., dissents and votes to affirm in a separate opinion.

Order reversed, on the law, motion denied, count one of the indictment reinstated and matter remitted to Erie County Court for further proceedings on the indictment.