OPINION OF THE COURT
Rosalyn Richter, J.
In a case of apparent first impression, this Court must decide whether telephone calls made in violation of an order of protection constitute the crime of criminal contempt in the first degree under Penal Law § 215.51 (c). Defendant was convicted *395 after a jury trial of burglary in the second degree, assault in the third degree, endangering the welfare of a child, aggravated criminal contempt and multiple counts of criminal contempt in the first degree. The conviction arose from acts of domestic violence committed by defendant against his wife, Shaniqua Taborn, and his repeated visits and telephone calls to Ms. Taborn in violation of an order of protection.
After trial, defendant moved, pursuant to Criminal Procedure Law § 330.30, to set aside the jury’s guilty verdict with respect to three of the counts of criminal contempt in the first degree on the grounds that the evidence at trial was legally insufficient. These counts related to three separate telephone calls made by defendant to Ms. Taborn from Hikers Island in violation of an order of protection. Defendant argued that the verdict must be set aside since these telephone calls did not fall within the conduct proscribed by Penal Law § 215.51 (c). Prior to sentencing, this Court issued an oral decision from the bench granting defendant’s motion and dismissing those counts. Defendant was then sentenced to a term of imprisonment of nine years on the burglary count and to lesser concurrent terms on the remaining counts. This decision is being issued to further explain the Court’s reasoning and to complete the record in this case.[1]
Under Penal Law § 215.51 (c), a person is guilty of criminal contempt in the first degree when:
“he or she commits the crime of criminal contempt in the second degree as defined in subdivision three of section 215.50 of this article by violating that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, under sections two hundred forty and two hundred fifty-two of the domestic relations law, articles four, five, six and eight of the family court act and section 530.12 of the criminal procedure law, or an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction, which requires the respondent or defendant to stay away from the person *396 or persons on whose behalf the order was issued, and where the defendant has been previously convicted of the crime of criminal contempt in the second degree by violating an order of protection as described herein within the preceding five years.”
Thus, the statute requires proof of the following two elements: first, that the defendant committed the crime of second degree criminal contempt (Penal Law § 215.50 [3]) by “violating that part of [one of the orders of protection described in the statute] which require [d] [him] to stay away from the person or persons on whose behalf the order was issued;” and second, that within the five years preceding the offense charged, the defendant was convicted of second degree criminal contempt for having violated one of the described orders of protection.
Prior to trial, defendant admitted to a special information charging that he had been convicted of criminal contempt in the second degree in 1999 for having violated a previous order of protection. Thus, no question exists regarding defendant’s prior conviction, which elevates this charge to a felony. Nor does defendant dispute in this posttrial motion that there was a valid order of protection in effect at the time the telephone calls were made, and that he was aware of that order. Moreover, defendant admits that his calls to Ms. Taborn violated the part of the order of protection that explicitly prohibited defendant from telephoning her. Defendant argues, however, that those telephone calls do not fall within Penal Law § 215.51 (c) because they do not constitute a violation of “that part of [the order] which require [d] [him] to stay away from the person or persons on whose behalf the order was issued” (emphasis added). Thus, the issue this Court must decide is whether telephone calls violate the part of an order of protection requiring a defendant to “stay away from the person” named in the order, as this phrase is used in Penal Law § 215.51 (c). For the reasons discussed herein, this Court is constrained to conclude that they do not.
It is well settled that, in construing a statute, a court should attempt to effectuate the intent of the Legislature. (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205 [1976].) Since the clearest indicator of legislative intent is the statutory text, “the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.” (Majewski v Broadalbin-Perth, 91 NY2d at 583.) When looking at the statutory language, the words *397 employed by the Legislature must be given their natural, ordinary and obvious meaning. (Matter of Fappiano v New York City Police Dept., 95 NY2d 738; People v Versaggi, 83 NY2d 123 [1994].) If the words used have a “definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning.” (Majewski v Broadalbin-Perth, 91 NY2d at 583, quoting Tompkins v Hunter, 149 NY 117, 123 [1896].)
The word “stay” is defined as “to continue to be in a particular state or position.” (Cambridge Dictionary of American English [Cambridge Univ Press 2000].) “Away” means “in a different place” or “somewhere else.” (Id.) The phrase “stay away” is defined as “to not go to a place.” (Cambridge International Dictionary of Phrasal Verbs [Cambridge Univ Press 2000].) And “person” is defined in Penal Law § 10.00 (7) as “a human being.” Applying the above principles of statutory interpretation, this Court concludes that the natural and ordinary meaning of the phrase “stay away from the person” is to physically remain in a different place or location from an individual or to be somewhere else. Thus, a telephone call could not, by itself, constitute a violation of that part of an order of protection directing a defendant to “stay away from the person” named in the order.[2]
It is a fundamental principle of statutory construction that the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended. (People v Finnegan, 85 NY2d 53 [1995]; People v Davis, 195 AD2d 1 [1st Dept 1994]; McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Certainly, if the Legislature had intended that telephone calls be included within the conduct prohibited by this subdivision of the statute, they could have used other language which would have more clearly indicated that intent. For example, they could have written the statute with no limiting words whatsoever so that a subsequent violation of any part of an order of protection would be punished as first degree contempt. Or, the Legislature could have proscribed a subsequent violation of the part of an order of protection directing the defendant to “have no contact with” *398 or “refrain from communicating with” the person named in the order. But they did not. Instead, by this subdivision, the Legislature chose to elevate a recidivist defendant’s conduct to first degree contempt only when that conduct violates that part of an order directing the defendant to “stay away from” the person named in the order. Thus, by failing to use language in this subdivision that would encompass telephonic communications, the Legislature has indicated its intent that they be excluded from the statute’s reach.[3]
The Legislature’s intent to exclude telephone calls from Penal Law § 215.51 (c) is made even more plain by the fact that other subdivisions of the same statute do criminalize telephone calls made in violation of an order of protection. Under subdivision (b) (iv), a defendant is guilty of criminal contempt in the first degree when he makes repeated telephone calls to the victim. And subdivision (b) (iii) criminalizes placing a victim in fear of injury or death through a telephone call. Indeed, one of the counts in the indictment, which involved a different telephone call on a different date than those charged under Penal Law § 215.51 (c), charged defendant under subdivision (b) (iii). Thus, the Legislature’s decision to include certain kinds of telephone calls in other sections of the statute makes clear that their exclusion of such calls from subdivision (c) was intentional.
The People argue that the phrase “which requires the respondent or defendant to stay away from the person or persons on whose behalf the order was issued” does not modify the phrase “that part of a duly served order of protection,” but instead modifies the words which come immediately before it, i.e., “an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction.” (Penal Law § 215.51 [c].) Thus, the People contend that the challenged language in Penal Law § 215.51 (c) proscribes the violation of any part of a New York order of protection, and also makes it a crime to violate the “stay away” wording of an out-of-state order of protection. This argument fails since under that interpretation, the words “that part of’ would be rendered *399 meaningless and superfluous. (People v Hedgeman, 70 NY2d 533 [1987] [words which define or delimit the reach of statutory provisions may not be disregarded as superfluous, but must be given meaning and effect]; McKinney’s Cons Laws of NY, Book 1, Statutes § 231 [every word of a statute is to be given effect, and words are not to be rejected as superfluous].)
This Court has found no case law which addresses whether telephone calls would come within the ambit of this particular statute. Nor are there any cases which discuss whether telephone calls would constitute a violation of the “stay away” provision of an order of protection. There is a case, however, from the Appellate Division, Second Department, which lends support to this Court’s conclusion. In Matter of Ronald D. (282 AD2d 533 [2d Dept 2001]), the appellate court upheld a Family Court order which terminated the appellant’s parental rights. The lower court determined that the appellant had abandoned his son by failing to have had sufficient contact with the boy while the appellant was incarcerated. The Second Department held that “neither the order of protection which directed the appellant to stay away from his son, nor the appellant’s incarceration, prevented him from otherwise contacting his son or the foster care agency by telephone or by letter.” (Supra.) The only fair reading of this case is that a telephone call would not constitute a violation of the “stay away” provision of the order of protection.
Although this Court questions why the Legislature failed to include telephone calls within the reach of the statute, it is powerless to insert words which are simply not there. This Court recognizes that telephone calls can be as threatening and disturbing as the defendant’s physical presence to a victim who has obtained an order of protection. This is even more true in the era of cellular communication, which has altered prior notions of geographic boundaries. Now, telephone calls can be made from right outside the victim’s front door. If the Legislature’s intent in passing this statute was based upon a belief that physical visits pose more of a threat to a victim than telephone calls, such a rationale may no longer be valid given the advances in communication technology. But any change in the statute must come from the Legislature, and not from this Court.

. Before the jury was charged, the Court raised the issue that is now the subject of this motion. Defense counsel moved to dismiss the counts on the grounds that telephone calls did not fall within Penal Law § 215.51 (c), but provided no case law in support. The Court then submitted the counts to the jury and reserved decision on defendant’s motion.

. Here, since defendant’s telephone calls to Ms. Taborn were made from Bikers Island, it is clear that he did not violate the “stay away” provision of the order of protection. However, had defendant made the calls from a location that was in close proximity to Ms. Taborn, he might very well have violated that part of the order.

. This Court is not required to examine the law’s legislative history, since the language of the statute is clear and unambiguous. (See Matter of Lloyd v Grella, 83 NY2d 537 [1994] [when the language of a statute is clear, the court should look no further than unambiguous words and need not delve into legislative history]; McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) In any event, the Court has reviewed the relevant legislative history, which sheds no light whatsoever on the Legislature’s intent.