■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY JACKMAN, Appellant. [778 NYS2d 893]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 23, 2001, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of grand larceny in the fourth degree to petit larceny and by reducing the defendant's conviction of criminal possession of stolen property in the fourth degree under the third count of the indictment to criminal possession of stolen property in the fifth degree, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

The defendant's disagreements with his attorney amounted to little more than a dispute over trial tactics and strategy. Therefore, the defendant failed to establish good cause for the assignment of a new attorney (*see People v Sides,* 75 NY2d 822, 824 [1990]; *People v Jones [William],* 302 AD2d 476 [2003]; *People v Marcotte,* 237 AD2d 379 [1997]).

The defendant's contention that the evidence presented as to the second and third counts of the indictment, charging grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, respectively, was legally insuf-

ficient to prove that the value of the stolen property exceeded $1,000 has not been preserved for appellate review (*see* CPL 470.05 [2]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see People v Cooper,* 247 AD2d 402 [1998]; *People v Mathis,* 179 AD2d 779 [1992]).

The evidence with respect to these two counts was insufficient to comply with the statutory requisite that "the value of the [stolen] property exceeds one thousand dollars" (Penal Law § 155.30 [1]; § 155.45 [1]; *see People v Lopez,* 79 NY2d 402 [1992]; *People v Alicea,* 25 NY2d 685 [1969]; *People v Thomas,* 210 AD2d 443 [1994]; *People v Bernard,* 123 AD2d 324 [1986]). Nevertheless, there was sufficient evidence to support a conviction of the lesser-included offenses of petit larceny (*see* Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40). Accordingly, we reduce the defendant's conviction of grand larceny in the fourth degree under the second count of the indictment to petit larceny and we reduce the defendant's conviction of criminal possession of stolen property in the fourth degree to criminal possession of stolen property in the fifth degree. There is no need to remit the matter for resentencing since the defendant has already served the maximum time to which he could have been sentenced on the petit larceny conviction and the criminal possession of stolen property in the fifth degree conviction (*see* Penal Law § 70.15 [1]; *People v Cooper, supra*).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.