■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE DEWALL, Appellant. [790 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered May 3, 2002, convicting him of criminal contempt in the first degree (five counts), assault in the third degree (two counts), criminal

mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of criminal contempt in the first degree in violation of Penal Law § 215.51 (c) under the third count of the indictment to criminal contempt in the second degree in violation of Penal Law § 215.50 (3), and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of criminal contempt in the second degree.

The defendant contends that since the complainant was not present at her home on October 1, 2000, when he went there, the evidence was legally insufficient to establish his guilt of criminal contempt in the first degree (Penal Law § 215.51 [c]) under the third count of the indictment. Penal Law § 215.51 (c) provides, in pertinent part, as follows: A person is guilty of criminal contempt in the first degree when: "(c) he . . . commits the crime of criminal contempt in the second degree as defined in subdivision three of section 215.50 of this article *by violating that part of a duly served order of protection . . . which requires the . . . defendant to stay away from the person or persons on whose behalf the order was issued,* and where the defendant has been previously convicted of the crime of criminal contempt in the first or second degree for violating an order of protection as described herein within the preceding five years" (emphasis added).

Tracking the limiting language of the statute, the third count of the indictment reads as follows: "The defendant, on or about October 01, 2000, in the County of Queens, knowingly and intentionally disobeyed or resisted the lawful process and other mandate of a court . . . by violating that *part of a[n] . . . order of protection . . . which required him to stay away from Sandra Dewall* on whose behalf such order was issued" (emphasis added).

While we recognize, and the defendant concedes, that this argument is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894 [2000]), we deem the issue sufficiently significant as to warrant review as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6]; *People v Gray,* 86 NY2d 10, 22 [1995]; *People v Jackman,* 8 AD3d 678, 679 [2004], *lv denied* 3 NY3d 707 [2004]; *People v Crandall,* 306 AD2d 748, 750 [2003]; *People v Gonzalez,* 200 AD2d 759, 760 [1994]).

In any case of statutory construction, the court's primary obligation is to determine and give effect to the Legislature's intent (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]). In considering the import of the provision of the statute at issue, the court is guided by well-established principles of statutory construction.

The court should not engage in "strained interpretation[s]" to extend criminal liability "beyond the fair scope of the statutory mandate" (*People v Wood,* 8 NY2d 48, 51 [1960]; *see People v Hedgeman,* 70 NY2d 533, 537 [1987]). The provisions of the Penal Law should not be construed so as to create penal liability from what is not plainly written, to "make out a crime by implication" (McKinney's Cons Laws of NY, Book 1, Statutes § 276; *People v Gottlieb,* 36 NY2d 629, 632 [1975]) or to stretch "a statute to fit the facts" (*People v Herskowitz,* 80 Misc 2d 693, 697 [1975], *affd* 51 AD2d 1047 [1976], *affd* 41 NY2d 1094 [1977]).

Here, contrary to the People's contention, the words are plainly limiting. To interpret the words "violating that part of a duly served order of protection . . . which requires the . . . defendant to *stay away from the person* or persons on whose behalf the order was issued" (Penal Law § 215.51 [c] [emphasis added]; Penal Law § 10.00 [7]) to encompass a violation of *any* provision of an order of protection would be to render the plain and ordinary application or the words "stay away from the person" meaningless and superfluous in contravention of well-settled principles of statutory construction (*see People v White,* 188 Misc 2d 394, 398-399 [2001], citing *People v Hedgeman, supra;* McKinney's Cons Laws of NY, Book 1, Statutes § 231).

The unambiguous language of Penal Law § 215.51 (c) is a clear indication of the Legislature's intent to limit the reach and scope of the statute (*see People v White, supra; see also People v Gonzalez, supra*). Had the Legislature intended a more expansive application of felony criminal liability for violations of orders of protection it could have so provided by omitting the limiting language. By doing so, the Legislature would have created felony liability for recidivist violators of *any* provision of an order of protection. Similarly, the Legislature could have expanded the scope of the statute by inserting words to encompass violators who fail to stay away from the home, school, or place of business of the person for whose benefit the order of protection was issued (*see People v White, supra at 394,* 397-399; *see also Matter of Ronald D.,* 282 AD2d 533 [2001]). It did not do so, and we decline the People's invitation to create criminal liability when none is written (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 276; *People v Gottlieb, supra*).

The cases cited by the People in support of a broad interpretation of Penal Law § 215.51 are clearly distinguishable because they involve different subsections of criminal contempt in the first degree (*see People v Squires,* 308 AD2d 553, 554 [2003] [Penal Law § 215.51 (b) (iv)]; *People v Franklin,* 305 AD2d 613, 614 [2003] [Penal Law § 215.51 (b) (v)]).

The uncontroverted evidence adduced at trial established that the complainant was not present on October 1, 2000, when the defendant allegedly violated the order of protection under the third count of the indictment. Accordingly, the evidence was legally insufficient to establish the defendant's guilt of criminal contempt in the first degree under Penal Law § 215.51 (c) as alleged in that count. However, since the evidence was legally sufficient to support a conviction of the lesser-included offense of criminal contempt in the second degree (*see* Penal Law § 215.50 [3]; *People v Campbell,* 269 AD2d 460 [2000]), the defendant's conviction is reduced accordingly (*see* CPL 470.15 [2]; *People v Jackman,* 8 AD3d 678 [2004], *supra*), and we remit the matter for sentencing on the conviction of criminal contempt in the second degree (*see* CPL 470.20 [4]).

The defendant's remaining contentions either are unpreserved for appellate review or are without merit. Prudenti, P.J., Cozier, Ritter and Skelos, JJ., concur.