■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY OATES, Appellant. [823 NYS2d 184]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 26, 2004, convicting him of criminal possession of stolen property in the fourth degree (seven counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of criminal possession of stolen property in the fourth degree under count four of the indictment to criminal possession of stolen property in the fifth degree; as so modified, the judgment is affirmed.

The defendant's claims that the evidence was legally insufficient to support his convictions of criminal possession of stolen property in the fourth degree under counts one, two, three, five, six, and seven of the indictment, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Manning*, 8 AD3d 298 [2004]; *People v Jones*, 309 AD2d 819 [2003]).

However, upon the exercise of our interest of justice jurisdiction (*see People v Pagan*, 2 AD3d 879 [2003]; *People v Ortiz*, 125 AD2d 502 [1986]), we conclude that the evidence was legally insufficient to support his conviction of criminal possession of stolen property in the fourth degree under count four of the indictment (*see* CPL 470.15 [2] [a]; Penal Law §§ 155.00, 165.45 [2]; General Business Law § 511; *Matter of Kimberly H.*, 196 AD2d 192, 195 [1994]). Nevertheless, since the evidence with regard to count four of the indictment was legally sufficient to

support a conviction of the lesser included offense of criminal possession of stolen property in the fifth degree, we reduce the conviction accordingly (*see* CPL 470.15 [2] [a]; *see also People v McQueen,* 11 AD3d 1005 [2004]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt under counts one, two, three, five, six, seven, and eight of the indictment beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit.

Since the defendant has already served the maximum sentence permissible for the conviction of criminal possession of stolen property in the fifth degree, we need not remit the matter for resentencing on the fourth count of the indictment (*see People v Deolall,* 7 AD3d 635, 636 [2004]). Miller, J.P., Crane, Santucci and Luciano, JJ., concur.