THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JU JU JIANG, Appellant. [951 NYS2d 749]—

The defendant's contention that the evidence presented as to the sixth count of the indictment, charging him with attempted grand larceny in the third degree, was legally insufficient to prove that the value of the stolen property exceeded $3,000, was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). However, we reach the issue in the exercise of our interest of justice jurisdiction (*see People v Oates*, 33 AD3d 823, 823 [2006]; *People v Jackman*, 8 AD3d 678, 678-679 [2004]).

As the People correctly concede, the evidence was legally insufficient to establish that the stolen property had a value in excess of $3,000, as required to support a conviction of attempted grand larceny in the third degree (*see* Penal Law §§ 110.00, 155.35 [1]). Nonetheless, the evidence was legally sufficient to support a conviction of the lesser-included offense of attempted grand larceny in the fourth degree (*see* Penal Law §§ 110.00, 155.30 [1]). Accordingly, we reduce the defendant's

conviction of attempted grand larceny in the third degree to attempted grand larceny in the fourth degree, and vacate the sentence imposed thereon (*see* CPL 470.15 [2] [a]; *People v Jackman*, 8 AD3d at 679). Since the defendant has already served the maximum permissible sentence for that crime (*see* Penal Law § 70.15 [1]), the matter must be remitted to the Supreme Court, Queens County, for the imposition of a sentence to time served on the conviction of attempted grand larceny in the fourth degree (*see People v Seymour*, 77 AD3d 976, 980 [2010]; *People v Harvin*, 75 AD3d 559, 561 [2010]).

The defendant contends that the Supreme Court erred in denying his challenge for cause to a prospective juror who expressed doubt as to her ability to remain impartial if the defendant chose not to testify at trial. However, upon further inquiry, the prospective juror gave unequivocal assurances that she would follow the court's instructions regarding the presumption of innocence, and that she would not draw any negative inferences from the defendant's failure to testify. Accordingly, the Supreme Court properly denied the defendant's challenge for cause to this prospective juror (*see People v High*, 18 AD3d 775, 776 [2005]; *People v Porter*, 7 AD3d 817 [2004]; *People v Narvaez*, 298 AD2d 603, 603 [2002]; *cf. People v Bludson*, 97 NY2d 644, 645 [2001]; *People v Kenner*, 8 AD3d 296, 297 [2004]).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.