■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NICHOLAS, Appellant. [965 NYS2d 192]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 18, 2011, convicting him of criminal possession of stolen property in the fourth degree (two counts), criminal possession of stolen property in the fifth degree, identity theft in the second degree, false personation, attempted tampering with physical evidence, criminal possession of a controlled substance in the seventh degree, unlawful possession of marijuana, and smoking tobacco in an enclosed area within a public place in violation of Administra-

tive Code of City of NY §§ 17-503 (a) (6) and 17-508 (d), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's convictions of criminal possession of stolen property in the fourth degree under counts one and two of the indictment to criminal possession of stolen property in the fifth degree and vacating the sentences imposed thereon; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence with respect to counts one and two of the indictment, charging him with criminal possession of stolen property in the fourth degree with respect to a certain card issued by JP Morgan Chase Bank, N.A., as he failed, in his trial motion to dismiss the indictment, to raise the specific contentions that he now raises on appeal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 493 [2008]; *People v Lewis*, 96 AD3d 878, 878 [2012]; *People v Williams*, 94 AD3d 779, 780 [2012]; *People v Mathieu*, 83 AD3d 735, 735 [2011]). Nonetheless, the convictions on those two counts are against the weight of the evidence. In particular, the weight of the credible evidence does not support the jury's conclusion that the card introduced at trial fell within the statutory definition of a "debit card" (Penal Law § 165.45 [2]; General Business Law § 511) or a "public benefit card" that was "issued by the state or a social services district," or entitled the holder "to obtain public assistance benefits under a local, state or federal program administered by the state" (Penal Law §§ 155.00 [7-b]; 165.45 [2]; *cf.* Penal Law § 158.00 [1] [c]). Accordingly, the evidence does not support the defendant's conviction of criminal possession of stolen property in the fourth degree under counts one and two of the indictment.

The evidence did, however, support a conviction, under both counts one and two of the indictment, of the lesser-included offense of criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40; *People v Oates*, 33 AD3d 823 [2006]). Accordingly, we reduce the defendant's convictions of criminal possession of stolen property in the fourth degree under counts one and two of the indictment to criminal possession of stolen property in the fifth degree and vacate the sentences imposed thereon (*see* CPL 470.15 [2] [a]; *People v Ju Ju Jiang*, 99 AD3d 724, 725 [2012]; *People v Oates*, 33 AD3d at 823). Although the defendant has already served the maximum sentence that could be imposed for criminal possession of stolen property in the

fifth degree (*see* Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Queens County, for the imposition of an authorized sentence for that offense (*see People v Rumley*, 102 AD3d 894, 895 [2013]).

Despite the defendant's contentions to the contrary, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the element of intent to defraud and every other element of the crime of identity theft in the second degree, with respect to the count charging that crime of which the defendant was convicted. Intent to defraud as an element of identity theft may be inferred by the finder of fact based upon the defendant's acts (*see* Penal Law § 190.79 [1]; *People v Vandermuelen*, 42 AD3d 667, 670 [2007]; *People v Colon*, 306 AD2d 213, 214 [2003]; *People v Washington*, 299 AD2d 286, 286-287 [2002]; *People v Fernandez*, 27 Misc 3d 136[A], 2010 NY Slip Op 50856[U] [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt with respect to this crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.