People v Weir (2019 NY Slip Op 05896)





People v Weir


2019 NY Slip Op 05896


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


503 KA 17-02024

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTA M. WEIR, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 4, 2016. The judgment convicted defendant, upon her plea of guilty, of kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of kidnapping in the second degree (Penal Law § 135.20). The victim of the kidnapping was defendant's biological child, who had been removed from defendant's care more than eight years earlier following allegations of abuse concerning the victim's sibling. Defendant surrendered her parental rights to both the victim and the victim's sibling, and the children were adopted by a family. The victim and the victim's sibling had no contact with defendant until March 16, 2016, when defendant's brother contacted the victim through Facebook. Thereafter, defendant, the victim, and the victim's sibling formulated a plan for defendant to travel to New York from her home in Georgia and pick up the children. On March 17, 2016, defendant, defendant's brother, and a third codefendant picked up the victim and the victim's sibling in Jefferson County and transported them to Georgia. Defendant was eventually apprehended in Georgia with the children. On the basis of her conviction of kidnapping in the second degree, defendant was ordered to register under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.).
Initially, we agree with defendant that her waiver of the right to appeal is not valid. A waiver of the right to appeal is not effective where, as here, it "was not mentioned until after defendant pleaded guilty" (People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v Mason, 144 AD3d 1589, 1589 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]). Furthermore, the record fails to "establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Ware, 159 AD3d 1401, 1401 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), and the existence of a signed written waiver failed to cure those defects inasmuch as County Court " did not inquire of defendant whether [she] understood the written waiver or whether [she] had even read the waiver before signing it' " (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018], quoting People v Bradshaw, 18 NY3d 257, 262 [2011]).
Nevertheless, we reject defendant's contention that she is exempt from SORA registration because she is a parent of the victim. "SORA defines sex offender' to include any person who is convicted of' any of a number of crimes listed in the statute . . . SORA requires all people included in this definition to register as sex offenders" (People v Knox, 12 NY3d 60, 65 [2009], cert denied 558 US 1011 [2009]). The list of offenses provided in the statute includes "section 135.05, 135.10, 135.20 or 135.25 of [the Penal Law] relating to kidnapping offenses, provided [*2]the victim of such kidnapping . . . is less than seventeen years old and the offender is not the parent of the victim" (§ 168-a [2] [a] [i] [emphasis added]). Although we have not yet had the occasion to address whether a biological parent who has surrendered his or her parental rights and whose child has been adopted is entitled to the benefit of the parent exemption set forth in the SORA statute, in People v Brown (264 AD2d 12 [4th Dept 2000]), this Court determined that, in a prosecution for kidnapping, such a person could not assert as an affirmative defense that he or she was a relative of the victim (see Penal Law §§ 135.00 [3]; 135.30) inasmuch as a biological parent's status as a "parent" with respect to an adopted child was terminated " in all respects' " by an order of adoption (Brown, 264 AD2d at 13-14, quoting Domestic Relations Law
§ 114 [1]). Applying that same reasoning here, we conclude that defendant, the biological mother of an adopted child who she kidnapped, is not a parent of the victim for the purposes of SORA, and thus defendant is not exempt from SORA registration.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court