People v Crittenden (2020 NY Slip Op 06901)





People v Crittenden


2020 NY Slip Op 06901


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


869 KA 16-02083

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EVAN J. CRITTENDEN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 23, 2016. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of criminal contempt in the first degree (Penal Law § 215.51 [c]) under count one of the indictment to criminal contempt in the second degree (§ 215.50 [3]) and vacating the sentence imposed on that count and imposing a definite sentence of 364 days' incarceration, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal contempt in the first degree (Penal Law
§ 215.51 [c]), defendant argues that the conviction is based on legally insufficient evidence. Although defendant's argument is unpreserved for appellate review, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Dewall, 15 AD3d 498, 499 [2d Dept 2005], lv denied 5 NY3d 787 [2005]).
A person is guilty of criminal contempt in the first degree as charged in count one of the indictment when he or she, among other requirements, intentionally violates "that part of [an] order of protection . . . which requires [him or her] to stay away from the [protected] person" (Penal Law § 215.51 [c]; see § 215.50 [3]). Viewing the evidence in the light most favorable to the People (see People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that no rational juror could have found that the People proved, beyond a reasonable doubt, that defendant had any contact with the protected person during the charged incident (see Dewall, 15 AD3d at 501). Put differently, the People did not prove that defendant failed to "stay away" from the protected person during the subject incident, as required for a conviction under section 215.51 (c). Notably, the People's brief identifies no evidence of contact between defendant and the protected person during the subject incident, and the lone piece of evidence cited by the People at oral argument, i.e., a
de-contextualized excerpt from a 911 call made by a person who did not testify at trial, is vague and inadequate to infer reasonably that defendant had contact with the protected person. Moreover, even if defendant had some incidental contact with the protected person during the charged incident, no rational juror could have concluded that such contact was intentional given the undisputed fact that the protected person was supposed to be on a week-long trip away from his house when defendant arrived there (cf. People v Burch, 97 AD3d 987, 989-990 [3d Dept 2012], lv denied 19 NY3d 1101 [2012]).
We reject the People's argument that the jury could have rationally inferred both the contact and the intent required by Penal Law § 215.51 (c) from the undisputed fact that defendant [*2]went to the protected person's house and was apprehended inside a closet therein. As explained in Dewall, "the words [of section 215.51 (c)] are plainly limiting. To interpret the words 'violating that part of a [protective] order . . . which requires the . . . defendant to stay away from the [protected] person['] . . . to encompass a violation of any provision of an order of protection would be to render the plain and ordinary application or the words 'stay away from the person' meaningless and superfluous in contravention of well-settled principles of statutory construction . . . The unambiguous language of Penal Law § 215.51 (c) is a clear indication of the Legislature's intent to limit the reach and scope of the statute . . . Had the Legislature intended a more expansive application of felony criminal liability for violations of orders of protection it could have so provided by omitting the limiting language" (15 AD3d at 500 [emphasis omitted]). Thus, we "decline the People's invitation to create criminal liability when none is written" (id.).
In sum, the People adduced legally insufficient evidence that defendant intentionally violated "that part" of the protective order that required him to "stay away from the [protected] person," as required for a conviction for criminal contempt in the first degree under Penal Law § 215.51 (c) (see Dewall, 15 AD3d at 501). Rather, the evidence proves only that defendant committed the lesser included offense of criminal contempt in the second degree under section 215.50 (3) by going to the protected person's house, and we therefore modify the judgment accordingly (see Dewall, 15 AD3d at 501; see generally CPL 470.15 [2] [a]). Remittal for resentencing is unnecessary since defendant has already served the maximum sentence for criminal contempt in the second degree, and we therefore further modify the judgment by sentencing him to the maximum legal term of 364 days' incarceration for that crime (see Penal Law § 70.15 [1], [1-a] [b]; see generally People v McKinney, 91 AD3d 1300, 1300 [4th Dept 2012]). Defendant's remaining contentions do not warrant reversal or further
modification of the judgment.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court