People v Smith (2020 NY Slip Op 07229)





People v Smith


2020 NY Slip Op 07229


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-06225
 (Ind. No. 524/17)

[*1]The People of the State of New York, respondent,
v
Tybecca Smith, appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered April 11, 2018, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by reducing the defendant's conviction of criminal contempt in the first degree in violation of Penal Law § 215.51(c) under the first count of the indictment to criminal contempt in the second degree in violation of Penal Law § 215.50(3), and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.
As the People concede, the evidence was legally insufficient to establish the defendant's guilt of criminal contempt in the first degree in violation of Penal Law § 215.51(c). An essential element of that crime is that the defendant has violated an order of protection issued pursuant to "sections two hundred forty and two hundred fifty-two of the domestic relations law, articles four, five, six and eight of the family court act and section 530.12 of the criminal procedure law, or an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction, which requires the respondent or defendant to stay away from the person or persons on whose behalf the order was issued" (Penal Law § 215.51[c]; see People v Coleman, 104 AD3d 1134, 1134-1135). Here, the defendant was accused of violating an order of protection issued pursuant to Criminal Procedure Law § 530.13. Criminal Procedure Law § 530.13, which provides protection to victims of crimes other than family offenses, is not one of the authorities enumerated in Penal Law § 215.51(c). Accordingly, the defendant's conviction of criminal contempt in the first degree was legally insufficient because the People could not prove an essential element of the offense (see People v Dewall, 15 AD3d 498, 501). However, because the evidence was legally sufficient to support a conviction of the lesser included offense of criminal contempt in the second degree (see Penal Law § 215.50[3]), the defendant's conviction is reduced accordingly (see CPL 470.15[2]; People v Dewall, 15 AD3d at 501). There is no need to remit the matter for resentencing because the defendant has already served the maximum time to which he could have been sentenced on the criminal contempt in the second degree conviction (see Penal Law § 70.15[1]; People v Jackman, 8 AD3d 678, 679).
The defendant's claim that the order of protection was not properly authenticated is [*2]not preserved for appellate review (see CPL 470.05[2]). In any event, any error in admitting the document was harmless as there was overwhelming evidence of the defendant's guilt, and there is no significant probability the defendant would have been acquitted but for the error in admitting the order of protection (see People v Crimmins, 36 NY2d 230, 241-242; People v Spears, 154 AD3d 783, 787).
The defendant contends that he was deprived of a fair trial due to certain statements made by the prosecutor during summation. However, the challenged prosecutorial remarks during summation constitute fair comment on the evidence and the inferences to be drawn therefrom with respect to the charge of criminal contempt in the second degree (see People v Ashwal, 39 NY2d 105, 109-110).
In light of the foregoing, we need not address the defendant's remaining contentions.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court